UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NICHOLE L. RICHARDS,<br><br>Plaintiff,<br><br>v.<br><br>PAR, INC., and LAWRENCE TOWING, LLC,<br><br>Defendants. | CASE NO.:  1:17-cv-409<br><br>JURY DEMAND |

## COMPLAINT

### I.   INTRODUCTION

1. This is an action for statutory and actual damages, treble damages, prejudgment interest, costs of the action and a reasonable attorney's fee brought by Nichole Richards for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., Replevin and violation of the Indiana Crime Victims Relief Act.

2. It has long been Indiana law that a self-help repossession – a rare delegation of the state's exclusive prerogative to resolve disputes – may only be accomplished if it can be accomplished without a breach of the peace.  *See Census Fed. Credit Union v. Wann*, 403 N.E.2d 348, 350 (Ind. Ct. App. 1980).  A potential repossesor must immediately desist upon meeting any resistance – verbal or otherwise.  *Id.* at 352.  Defendants' failure to abide by this basic and long-standing requirement has given rise to this lawsuit.

### II.   JURISDICTION

3. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337 and 1367.

### III.   PLAINTIFF

4. Plaintiff Nichole Richards is a natural person residing in Marion County, Indiana.

### IV.   DEFENDANTS

5. Defendant PAR, Inc. ("PAR") is a for-profit domestic corporation with its principal place of business in Indianapolis, Indiana.

6. PAR uses instrumentalities of interstate commerce and the mails in their business the principal purpose of which is the enforcement of security interests; at all times referenced herein, PAR was operating as a debt collector as defined by 15 U.S.C. § 1692a(6).

7. Defendant Lawrence Towing, LLC ("Lawrence Towing") is a for-profit domestic limited liability company with its principal place of business in Indianapolis, Indiana.

8. Lawrence Towing uses instrumentalities of interstate commerce and the mails in their business the principal purpose of which is the enforcement of security interests; at all times referenced herein, Lawrence Towing was operating as a debt collector as defined by 15 U.S.C. § 1692a(6).

## V.    STATEMENT OF FACTS

9. Plaintiff purchased a used 2010 Chevrolet Tahoe, VIN # 1GNUCCE0XAR103451 ("Tahoe"), on February 26, 2015 from Tru Worth Auto for $26,750.00.

10. Huntington National Bank ("Huntington") financed the purchase and obtained a lien on the Tahoe.

11. The Tahoe was purchased and used primarily for personal, family or household purposes.

12. Plaintiff missed payments on the Tahoe and became in default under the terms of the Personal Loan Agreement with Huntington.

13. Huntington contracted with PAR to repossess the Tahoe.

14. PAR contracted with Lawrence Towing to repossess the Tahoe.

15. On February 6, 2017, in the early morning hours, employees of Lawrence Towing, went to Plaintiff's residence located at 7436 Sioux Run, Indianapolis, IN 46219.

16. The Tahoe had a trailer attached to it and was not readily accessible, so Lawrence Towing had to make contact with Plaintiff to accomplish the repossession.

17. Lawrence Towing did make contact with Plaintiff and Plaintiff told Lawrence Towing that they could not take her truck.

18. Lawrence Towing told Plaintiff that they were going to take the Tahoe whether she liked it or not, and that it could either be the easy way or the hard way.

19. To intimidate Plaintiff, Lawrence Towing also told Plaintiff that they were allowed to recover the Tahoe by any means necessary, including breaking into a garage, cutting locks and removing trailers.

20. Plaintiff still said they could not have the truck and told them to leave her property.

21. Instead of terminating the repossession as required by Indiana law, Lawrence Towing called the police.

22. Officers from the Indianapolis Metropolitan Police Department arrived and Lawrence Towing enlisted them to assist in the repossession.

23. Despite the fact that she was lawfully resisting a breach of the peace repossession, Plaintiff was handcuffed, had the keys to the Tahoe physically removed from her possession and was threatened with arrest.

24. Plaintiff was also forced to unhook the trailer from the Tahoe so that the Tahoe could be towed away.

25. Lawrence Towing towed the Tahoe away.

26. Before towing the Tahoe away, Lawrence Towing told Plaintiff that it would "help" her redeem the Tahoe by falsely reporting to Huntington that she peacefully and voluntarily surrendered it.

27. Following the repossession, Plaintiff contacted Huntington and advised them that the Tahoe had been taken illegally and asked for its return.

28. Huntington refused to return the Tahoe to Plaintiff and advised her that she would have to pay the outstanding balance to redeem the Tahoe.

29. The repossession performed by Lawrence Towing was in breach of the peace.

30. The repossession performed by Lawrence Towing was illegal.

31. Upon information and belief, Defendants have possession of the Tahoe but have no legal right to said possession.

32. Defendants have no present possessory right to the Tahoe because it was taken illegally.

## VI.   CLAIMS FOR RELIEF

### A.  Fair Debt Collection Practices Act – All Defendants

33. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one through thirty-two above.

34. Defendants violated the Fair Debt Collection Practices Act.  These violations include, but are not limited to:

    a. Taking non-judicial action (i.e., self-help repossession) to effect dispossession of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest, in violation of 15 U.S.C. § 1692f(6)(A).

35. As a result of the violation of the Fair Debt Collection Practices Act, Defendants are liable to Plaintiff for her actual damages, statutory damages, costs, attorney fees and all other appropriate relief.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants in an amount that will compensate her for her actual damages, statutory damages, costs, attorney fees and all other appropriate relief.

### B.  Replevin – All Defendants

36. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one through thirty-two above.

37. Plaintiff is the owner of the Tahoe.

38. Defendants wrongfully took possession of the Tahoe.

39. Defendants unlawfully maintain possession of the Tahoe.

40. Plaintiff is entitled to the return of the Tahoe.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants for delivery of the Tahoe to Plaintiff or the value of the Tahoe if delivery is not possible, damages for the detention of the Tahoe, prejudgment interest and all other appropriate relief.

### C.  Indiana Crime Victims Relief Act – All Defendants

41. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one through thirty-two above.

42. Lawrence Towing knowingly and intentionally refused to leave Plaintiff's property after having been denied repossession and asked to leave by Plaintiff and thereby committed criminal trespass pursuant to Indiana Code § 35-43-2-2.

43. Defendant PAR is liable for the criminal trespass by Lawrence Towing.

44. Defendants knowingly and intentionally exerted unauthorized control of the Tahoe and thereby committed criminal conversion pursuant to Indiana Code § 35-43-4-3.

45. Plaintiff suffered a pecuniary loss as a result of the violation of Indiana Code §§ 35-43-2-2 and 35-43-4-3.

46. Plaintiff is entitled to all damages as provided by Indiana Code § 34-24-3-1.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants for all damages as provided by Indiana Code § 34-24-3-1, prejudgment interest and all other appropriate relief.

## VII.   CONCLUSION

Plaintiff respectfully requests judgment in her favor and against Defendants for her statutory and actual damages, treble damages, prejudgment interest, costs of the action, a reasonable attorney's fee and all other damages allowed by law.

Respectfully submitted,

s/ *Robert E. Duff*
Robert E. Duff, Atty No. 16392-06
Indiana Consumer Law Group/
The Law Office of Robert E. Duff
P.O. Box 7251
Fishers, IN 46037
800-817-0461
robert@robertdufflaw.com

## JURY TRIAL REQUEST

Plaintiff requests a trial by jury.

s/ *Robert E. Duff*
Robert E. Duff, Atty No. 16392-06
Indiana Consumer Law Group/
The Law Office of Robert E. Duff
P.O. Box 7251
Fishers, IN 46037
800-817-0461
robert@robertdufflaw.com