**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| NICHOLE L. RICHARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-00409-TWP-MPB |
| | ) | |
| PAR, INC. and LAWRENCE TOWING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ENTRY ON PENDING MOTIONS**

This matter is before the Court on a Motion for Summary Judgment (Filing No. 36) filed

by Defendants PAR, Inc. ("PAR") and Lawrence Towing, LLC ("Lawrence Towing")

(collectively, "Defendants"). Plaintiff Nichole L. Richards ("Richards") filed a Complaint with

claims under the Fair Debt Collection Practices Act ("FDCPA"), as well as state law claims.

(Filing No. 1.) Richards alleges that Defendants are debt collectors under 15 U.S.C. § 1692a(6),

and their repossession of her vehicle was in violation of Indiana Code § 26-1-9.1-609. Thus, she

argues the Defendants violated the FDCPA. Richards' state law claims arise out of the alleged

wrongful repossession. Also pending before the Court is a Motion to Stay Arbitration filed by the

Defendants (Filing No. 43), and a Motion to Intervene, filed by Huntington Bancshares, Inc.

("Huntington") (Filing No. 47). For the reasons that follow, the Court **grants** the Defendants'

Motion for Summary Judgment, and **denies** the Motions to Stay Arbitration and to Intervene.

## I. BACKGROUND

The following facts are not necessarily objectively true, but as required by Federal Rule of

Civil Procedure 56, the facts are presented in the light most favorable to Richards as the non-

moving party.  *See Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  On February 26, 2015, Richards purchased a used 2010 Chevrolet Tahoe (the "Tahoe") from Tru Worth Auto for $26,750.00.  (Filing No. 1 at 1.) Huntington National Bank financed the purchase and obtained a lien on the vehicle.  (Filing No. 44-1 at 2.)  Richards missed payments on the Tahoe and defaulted under the terms of the Personal Loan Agreement ("Agreement") with Huntington.  *Id.*  The Agreement provided that Huntington had the right to repossess the Tahoe in the event that Richards defaulted on her payments.  *Id.*

Huntington contracted with PAR to repossess the Tahoe, and PAR subcontracted the job to Lawrence Towing. (Filing No. 1 at 2.)  On December 6, 2016, Lawrence Towing went to Richards' home located in Indianapolis, Indiana to repossess the Tahoe.  (Filing No. 38-1 at 6.) Because the Tahoe had a trailer attached to it and was not readily accessible, Lawrence Towing had to make contact with Richards to accomplish the repossession.  *Id.* at 3.  Richards refused to give Lawrence Towing her vehicle.  (Filing No. 38-1 at 8.)  The following exchange occurred between Richards and the Lawrence Towing employee:

> And he said, well, we can either do this the hard way or we can do this the easy way. And I said what's the hard way? He said the hard way is I call the police and they make you give me the vehicle. And I said, well, I guess we're going to have to do this the hard way because I'm not giving you my vehicle.  I'm going to have to ask you to leave my property.  He said that's fine and so him and the younger gentleman walked off my property and they got in their vehicle and they moved up into the front of my driveway and turned off the engine, got out and he got on his cell phone and he was -- presumably the police, but he was talking to somebody.

(Filing No. 38-1 at 8-9).  Ultimately, the police arrived and Richards continued to verbally refuse the repossession.  *Id.* at 10.  When the Lawrence Towing employee went to unhook the trailer attached to the Tahoe, Richards stepped off of her porch and was put in handcuffs by the officer. *Id.* at 11.  Richards was not taken into custody, however, the Tahoe was towed away and repossessed.  (Filing No. 1 at 3.)  On February 9, 2017, Richards filed this action against the

Defendants in federal court. (Filing No. 1.) Her claims for relief are violation of the FDCPA, Replevin, and violation of the Indiana Crime Victims Relief Act (in particular Indiana Code § 35-43-2-2 and § 35-43-4-3, Criminal Trespass). *Id.* at 3-5. Richards intentionally did not include Huntington in this lawsuit because Huntington's contract contained a binding Arbitration Provision that would have allowed Huntington to require Richards' claims to be arbitrated. (Filing No. 52-1 at 1.)

On April 16, 2018, Richards filed an Amended Claim for Arbitration against Huntington with JAMS (formerly known as Judicial Arbitration and Mediation Services, Inc.) premised on factual averments identical to those asserted in this action. (Filing No. 44-3.) An arbitration was convened on May 31, 2018, during which Huntington objected to Richards' efforts to adjudicate this matter in two different forums. (Filing No. 47 at 3.) Ultimately, JAMS cancelled the arbitration following Huntington's assertion that JAMS was ineligible to administer the arbitration as its policies and procedures were materially inconsistent with Huntington's arbitration provision. *Id.* Thereafter, on June 7, 2018, Huntington filed a Motion to Intervene in the instant action, pursuant to Federal Rule of Civil Procedure 24(a) and 24(b) (Filing No. 47).

## II.   LEGAL STANDARDS

### A.   Summary Judgment Standard

The purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 106 S.Ct. 1348 (1986). Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law." *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 489-90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of a claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citation and internal quotations omitted). Finally, "neither the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and internal quotations omitted).

**B.      Motion to Intervene Standard**

Federal Rule of Civil Procedure 24 governs a party's ability to intervene in a cause of action. Rule 24(a)(2) states that a party may intervene as a matter of right when he "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Rule 24(b)(2) states that a party may be allowed to intervene if he "has a claim or defense that shares with the main action a common question of law or fact."

A party seeking to intervene as a matter of right under Rule 24(a)(2) must show: (1) timeliness of the application, (2) an interest relating to the subject matter of the main action, (3) potential impairment of that interest if the action is resolved without him, and (4) that the interest cannot be adequately protected by the existing parties. *See Reid L. v. Ill. State Bd. of Educ.*, 289 F.3d 1009, 1017 (7th Cir. 2002); *Commodity Futures Trading Comm'n v. Heritage Capital Advisory Servs., Ltd.*, 736 F.2d 384, 386 (7th Cir. 1984). If the applicant does not carry his burden of satisfying each of these requirements, *Keith v. Daley*, 764 F.2d 1265, 1268 (7th Cir. 1985), the court must deny the application. *See United States v. BDO Seidman*, 337 F.3d 802, 808 (7th Cir. 2003); *United States v. 36.96 Acres of Land*, 754 F.2d 855, 858 (7th Cir. 1985).

"When deciding a motion for permissive intervention under Rule 24(b), the 'court must consider three requirements: (1) whether the petition was timely; (2) whether a common question of law or fact exists; and (3) whether granting the petition to intervene will unduly delay or prejudice the adjudication of the rights of the original parties.'" *Dave's Detailing, Inc. v. Catlin Ins. Co.*, No. 1:11-cv-1585-RLY-DKL, 2012 WL 5377880, at *2 (S.D. Ind. Oct. 31, 2012) (quoting *Pac for Middle Am. v. State Bd. of Elections*, No. 95–c–827, 1995 WL 571893, at *3 (N.D. Ill. Sept. 22, 1995)).

## III. DISCUSSION

As stated earlier, Richards does not dispute that she was in default on her car loan. She notes however, that Indiana Code § 26-1-9.1-609 provides that a secured creditor may repossess the collateral after default "if it proceeds without a breach of the peace." Richards argues that there is a genuine issue of material fact, at the least, as to whether she objected to the repossession and therefore whether the subsequent repossession was in breach of the peace. The Court will first address the summary judgment motion.

**A.**     **Motion for Summary Judgment**

Lawrence Towing filed a Motion for Summary Judgment alleging that Richards' FDCPA claim is not an enforcement mechanism for state law disputes, therefore, this Court should grant its Motion for Summary judgment on the FDCPA claim and dismiss any remaining state law claims pursuant to 28 U.S.C. § 1367(c). (Filing No. 37 at 4, 8.) Richards responds that numerous cases rely upon state law to establish a violation of the FDCPA. (Filing No. 38 at 3.) The material facts are largely not in dispute. (Filing No. 38 at 2.) ("Plaintiff does not take issue with any of Defendants' facts in their Statement of Material Facts Not in Dispute.") Thus, the dispositive question regarding the FDCPA is a legal one.

Richards proposes that a trial in this case is required because the material issue of fact in this case is whether or not the repossession involved a breach of the peace. *Id.* The parties agree that "breach of the peace repossession" in violation of Indiana Code § 26-1-9.1-609, is a state law remedy. However, they disagree on whether courts may look to state law, *i.e.* the definition of breach of the peace, to determine if §1692f(6)(A) of the FDCPA was also violated. Section 1692f(6)(A) prohibits the "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f. It is also undisputed that Huntington held a present right to possession based on the fact that Richards defaulted on her payments under the Agreement and Huntington held a security interest in the Tahoe. (Filing No. 44-1 at 2; Filing No. 44-3 at 2.)

"The FDCPA is not an enforcement mechanism for matters governed elsewhere by state and federal law." *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.,* 794 F.3d 871, 875 (7th Cir. 2015). *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC* is instructive on the scope of 15 U.S.C.

§ 1692f.  480 F.3d 470, 473 (7th Cir. 2007).  In *Beler*, the plaintiff sued defendants after the defendants served a citation that caused her bank to freeze her checking account for three weeks. In freezing the account, the plaintiff was unable to access her Social Security benefits which are exempt from attachment under both Social Security regulations and Illinois law.  Thus, the plaintiff advanced a theory that violation of Social Security regulations and Illinois law regarding the exempted Social Security benefits was also a violation of §1692f.  The Seventh Circuit advised against expanding the scope of the FDCPA through §1692f.  "This is not a piggyback jurisdiction clause.  If the Law Firm violated the Social Security Act, that statute's rules should be applied. Likewise if the Law Firm violated Illinois law.  Section 1692f does not take a state-law dispute and move it to federal court."  *Id.* at 424.  More recently, the Seventh Circuit considered another state law, an arbitration provision in a credit card agreement, in the context of §1692f.  Again, the Seventh Circuit held that it would not "transform the FDCPA into an enforcement mechanism for matters governed by state law."  *Bentrud,* 794 F.3d at 876.

Richards refers to the Seventh Circuit's holding that the "FDCPA is not an enforcement mechanism for state law" as dicta and points to FDCPA violations that have relied upon state law such as determining the relevant statute of limitations and the charging of additional amounts on top of the debt itself such as attorney fees.  (Filing No. 38 at 4.)  Defendants respond that the distinction between the present cases and Richards' citation to other cases that rely on state law in addition to the FDCPA, is that Richards "is attempting to use the FDCPA to enforce independent legal obligations not mandated by the FDCPA."  (Filing No. 40 at 3.)  Although *Beler* and *Bentrud* did not consider the state law regarding breach of the peace, the relief that Richards seeks is an independent state law regarding legal collection activity under Indiana law that would amount to

transforming the FDCPA into an enforcement mechanism for state law. Additionally, Richards'

claims concern the very section of the FDCPA at issue in *Beler* and *Bentrud*.

Indiana Code § 26-1-9.1-609 provides that after default, a secured party may take

possession of the collateral without judicial process, if it proceeds without breach of the peace.

Indiana courts have interpreted breach of the peace to include "all violations of public peace, order,

or decorum. A breach of the peace is a violation or disturbance of the public tranquility or order,

and the offense includes breaking or disturbing the public peace by any riotous, forceful, or

unlawful proceedings." *Census Fed. Credit Union v. Wann,* 403 N.E.2d 348, 350 (Ind. Ct. App.

1980). Unlike the district court cases cited by Richards which analyzed whether defendants had a

'present right' to collateral via valid security interests, there is no dispute that the Defendants in

this case did have the 'present right' to the Tahoe, based on the FDCPA's definition. Richards

admits that she had defaulted on her car loan payments. (*See* Filing No. 38 at 6-7; Filing No. 37-

1 at 2-3) (citing *Purkett v. Key Bank USA, N.A*., 2001 U.S. Dist. LEXIS 6126, *5 (N.D. Ill. May

9, 2001); *Clark v. Auto Recovery Bureau, Inc.,* 889 F. Supp. 543, 546 (D.Conn. 1994)). Similar

to the state law issues considered in *Beler* and *Bentrud*, any violation for Defendants breaching of

the peace when she was handcuffed and threatened with arrest during the repossession, is

independently a matter of state law. Richards may not use the FDCPA to enforce a remedy

governed under state law. The FDCPA requires an enforceable security interest to effect

dispossession, which is present as evidenced by the Agreement. Accordingly, Defendants' Motion

for Summary Judgment on Richards' FDCPA claim is **granted**.

Richards also filed state law claims for Replevin and violation of the Indiana Crime

Victims Relief Act. If the district court has original jurisdiction over an action, it may also exercise

supplemental jurisdiction over "all other claims that are so related to claims in the action…that

they form part of the same case or controversy…". 28 U.S.C. § 1367(a). If the underlying federal claim that supported supplemental jurisdiction is dismissed, courts have discretion in deciding whether to continue to exercise jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c). The court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it has original jurisdiction. *Id.* The dismissal of federal claims do not require the court to decline to exercise supplemental jurisdiction over state law claims. However, the court "will normally relinquish [supplemental] jurisdiction over the state-law claims." *Sullivan v. Conway*, 157 F.3d 1092, 1095 (7th Cir. 1998).

The Court's jurisdiction over the state law claims is based on supplemental jurisdiction under 28 U.S.C. § 1367(a). Because the Court has granted summary judgment in favor of Defendants on the FDCPA claim conferring the Court's original jurisdiction, in the interests of judicial economy, convenience, fairness, and comity, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, the state law claims are **dismissed without prejudice**.

### B.     Motion to Stay

On May 24, 2018, the Defendants filed a Motion to Stay Arbitration, ([Filing No. 43](#)), on the basis that Richards waived her right to arbitration when she filed her Complaint in this Court. Richards responds that arbitration was initiated against non-party Huntington pursuant to a binding arbitration provision in the Agreement. ([Filing No. 52 at 1](#); [Filing No. 52-1 at 17](#).) On April 9, 2018, Huntington and Richards agreed to arbitrate their matter. ([Filing No. 52-1 at 18](#).) Because neither Lawrence Towing nor PAR have standing to stay Huntington and Richards' pending agreed upon (and binding) arbitration, the Court **denies** the Defendants' Motion to Stay Arbitration.

### C.     Motion to Intervene

On June 7, 2018, Huntington filed a Motion to Intervene, (Filing No. 47), in the present action on the issue of "whether Richards is entitled to any recovery for an alleged breach of the peace repossession by Lawrence Towing LLC and PAR, Inc.". *Id.* at 4. Richards asserts that Huntington's motion to intervene would be futile because the arbitration provision in the Agreement is binding, and Huntington's motion is not timely. She argues that Huntington knew of her claims against it in April 2017 and of this lawsuit in September 2017, yet it did not move to intervene until June 2018, two months prior to the August 27, 2018 jury trial. (Filing No. 52 at 8-9.) She further contends that Huntington will not be prejudiced by not allowing it to intervene because it has the arbitration forum that it chose in which to defend its liability. *Id.*

As noted above, this Court has declined to exercise supplemental jurisdiction over the state law claims, and Richards may not pursue breach of the peace—a state law claim—pursuant to the FDCPA. Thus, Richards is correct in that intervention as a right or permissive would be futile given the disposition of the present case and the underlying basis for Huntington's request to intervene. Additionally, the arbitration provision was included in Huntington's contract to apply to any claims between Richards and Huntington. (Filing No. 52-1 at 17.) Richards has elected to arbitrate her claims against Huntington pursuant to the Agreement, and arbitration is already underway. (Filing No. 52-1 at 18.) As Richards noted, Huntington significantly delayed in requesting intervention, over a year after Richards filed the present complaint against the Defendants, and the request occurred after Huntington received the JAMS ruling that the arbitration provision bound Huntington to arbitration. *Id.* at 20. Accordingly, the Court **denies** Huntington's Motion to Intervene.

IV. **CONCLUSION**

For the foregoing reasons, Defendants' Motion for Summary Judgment (Filing No. 36) is **GRANTED** on the federal claim asserted by Richards. The Court declines supplemental jurisdiction over the state law claims and those claims are **dismissed without prejudice**. The Defendants' Motion to Stay Arbitration is **DENIED**. (Filing No. 43). Huntington's Motion to Intervene (Filing No. 47) is **DENIED,** and Huntington is **terminated** as an intervenor in this action. **The Clerk is directed to remove Huntington as a defendant in the caption, as they were never a named party.**

The Court will issue Final Judgment under separate order.

    **SO ORDERED.**

Date: 7/16/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Robert E. Duff
INDIANA CONSUMER LAW GROUP
robert@robertdufflaw.com

Gregory M. Bokota
GARAN LUCOW MILLER P.C.
GBokota@garanlucow.com

Courtney A. Krause
GARAN LUCOW MILLER, P.C.
ckrause@garanlucow.com

Nicholas Knowlson Rohner
WELTMAN WEINBERG & REIS LPA
nrohner@weltman.com