UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NICHOLE L. RICHARDS,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>PAR, INC., and LAWRENCE TOWING, LLC,<br><br>　　　　　　Defendants. | CASE NO.: 1:17-cv-00409-TWP-MPB |

**BRIEF IN SUPPORT OF RULE 59(e) MOTION TO RECONSIDER**

Plaintiff Nichole L. Richards, by counsel, pursuant to Federal Rule of Civil Procedure 59(e), has moved the Court to reconsider its ruling entitled Entry on Pending Motions dated July 16, 2018, granting summary judgment in favor of Defendants on Plaintiff's claim under the Fair Debt Collection Practices Act ("FDCPA"). Dkt. 55. Plaintiff submits this brief in support of that motion.

**I.      SUMMARY OF ARGUMENT**

Rule 59(e) is a mechanism that serves the interests of judicial economy by allowing a federal court to correct a manifest error of law or fact. Here, Plaintiff respectfully submits that the summary judgment ruling is based on a manifest error of both law and fact and accordingly must be corrected.

Plaintiff was behind on her payments of a loan secured by a vehicle. She refused to allow the repossession company to take the vehicle. The repossessor called the police, who intervened by handcuffing her in order to facilitate the repossession. This

misconduct is a classic breach of the peace that thus violated FDCPA § 1692f(6)(A), the specific provision that Congress enacted to combat unlawful self-help repossessions. However, in its summary judgment ruling the Court interpreted the statutory language to mean that to comply with § 1692f(6)(A), the repossessor need only act with the cover of an enforceable security interest notwithstanding any other circumstances that may deprive the repossessor of the requisite statutory "present right to possession of the property." This decision appears to be the only federal court ruling ever adopting that position. The ruling is directly at odds with the unanimous view of every court that has ever evaluated this aspect of § 1692f(6)(A), including not only the nearly two dozen federal district court opinions that over decades have addressed the issue but also the single extant federal appellate opinion on point. This unanimous case law shows that the statutory language does not admit of the narrow reading that the Court has advanced and explains why no other judicial authority has ever adopted it. This Court has plowed new ground to erroneously alter the universally accepted understanding of § 1692f(6)(A).

The opinion also rests on a reading of *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470 (7th Cir. 2007), which, contrary to the Court's ruling, does not categorically eliminate operative state law as a basis for an FDCPA violation and which does not support the Court's holding that "Richards may not use the FDCPA to enforce a remedy governed under state law." Dkt. 53, p. 8. To the contrary, as shown by a well-developed line of Seventh Circuit opinions, all federal courts routinely rely on state law to inform the scope and meaning of various FDCPA provisions and to explain the precise relationship between the FDCPA and substantive state law violations that must be applied here. *Beler* does not and cannot support the rule adopted by the Court and instead is

entirely consistent with and supportive of a large body of federal jurisprudence holding that an unlawful breach-of-the-peace repossession deprives an FDCPA-covered repossessor of the "present right of possession of the property claimed as collateral" in violation of FDCPA § 1692f(6)(A).

With regard to the factual predicate for the ruling, even if other courts' unanimous view of § 1692f(6)(A) were wrong and the "present right to possession of the property" is to be determined solely by the parties' security agreement, that agreement here in fact deprived the repossessor of the right of possession. The Personal Loan Agreement (PLA),[1] naturally and necessarily controls the circumstances when a repossession may occur. For example, the PLA grants the creditor a purchase money security interest in the vehicle. Under the heading Additional Security Interest Provisions, it also defines a default that can trigger the right to repossession ["If any promises under this agreement are broken"], as the Court concluded happened here. Dkt. 53, p. 6. Most importantly, however, this same paragraph of the PLA also expressly links the right of possession to established law with its contractual stipulation that "[w]e will not breach the peace." Therefore, even if the nonconforming view of § 1692f(6)(A) that the Court has adopted were valid, then the PLA demonstrates that the breach-of-the-peace repossession here eliminated the "present right to possession of the property" as a matter of the parties' agreement, consistent with the Court's conclusion that only this document could be the basis for a § 1692f(6)(A) violation.

---

[1] A legible copy of the PLA is attached hereto at Dkt. 56-1. The document may also be found at Dkt. 44-1 (submitted by Defendants) and Dkt. 47-1 (submitted by Huntington Bancshares with their Motion to Intervene).

## II. STANDARD OF REVIEW

A motion styled as one of reconsideration, if timely filed, is treated as a motion to alter or amend the judgment under Rule 59(e). *Kiswani v. Phx. Sec. Agency, Inc.*, 584 F.3d 741, 742 (7th Cir. 2009). A Rule 59(e) motion is timely if it is filed within 28 days of the entry of judgment. F.R.C.P. 59(e).

Relief pursuant to a Rule 59(e) motion is limited to the exceptional situation where the court committed a manifest error of law or fact, or newly discovered evidence precluded entry of judgment. *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012). It may not be used to rehash arguments previously made and rejected. *Vesely v. Armslist Ltd. Liab. Co.*, 762 F.3d 661, 666 (7th Cir. 2014). Instead, "Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). A manifest error of fact is the misapprehension of a material fact, *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006), while a manifest error of law "is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Plaintiff's position is that the court committed a manifest error of law or fact in failing to apply the unanimous interpretation of § 1692(f)(6) and in overlooking the terms of the parties' agreement.

### III. ARGUMENT

#### A. Unanimous federal case law agrees that breach of the peace nullifies any present right to repossession.

The Court granted summary judgment because it concluded that a breach of peace was not relevant to "a present right to possession" under § 1692f(6)(A) since "any violation for Defendants breaching of the peace… is independently a matter of state law." Dkt. 53, p. 8. This conclusion reveals a misapprehension of the material facts and law and warrants reconsideration of the Court's grant of summary judgment to Defendants on Plaintiff's FDCPA claim.

The Court made a manifest error of law when it concluded that § 1692f(6)(A) requires a court to consider solely whether there is an enforceable security interest in determining a present right to possession. The Court stated in its Order that it is undisputed that Huntington held a present right to possession because Richards was in default under the terms of the security agreement. Dkt. 53, p. 6. But Richards did dispute that there was a present right to repossession because that right is lost when there is a breach of the peace.

The Court also stated that "there is no dispute that the Defendants in this case did have the 'present right' to the Tahoe, *based on the FDCPA's definition*." Dkt. 53, p. 8 (emphasis added). The Court felt constrained by the language of § 1692f(6)(A) to look only to whether there was an enforceable security interest in determining whether there was a present right to possession. But the language of § 1692f(6)(A) is not so limited.

Section 1692f(6)(A) defines a violation as "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if – (A) there is no present right to possession of the property claimed as collateral through an enforceable

5

security interest." This provision does not state or mean that it is an FDCPA violation *only if there is no present right to possession through an enforceable security interest*. The statute is more naturally read to prevent taking any nonjudicial action to effect dispossession of property if there is no present right to possession of the property (which property has been claimed as collateral through an enforceable security interest). The phrase "through an enforceable security interest" modifies the phrase that immediately precedes it, namely "claimed as collateral," which in turn modifies the term that immediately precedes it, "property." So the phrase "claimed as collateral through an enforceable security interest" simply identifies the property; it does not limit the phrase "present right of possession." And to determine whether there is a present right to possession of property, a court must necessarily look to state law. *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1001, 104 S. Ct. 2862, 2872 (1984) ("we are mindful of the basic axiom that property interests are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." (internal quotations, citations, and ellipsis omitted)); *Or. ex rel. State Land Bd. v. Corvallis Sand & Gravel Co.*, 429 U.S. 363, 378, 97 S. Ct. 582, 591 (1977) ("Under our federal system, property ownership is not governed by a general federal law, but rather by the laws of the several States. The great body of law in this country which controls acquisition, transmission, and transfer of property, and defines the rights of its owners in relation to the state or to private parties, is found in the statutes and decisions of the state." (internal quotations and citations omitted)).

Courts have routinely looked beyond the terms of the security agreement to determine whether there was a § 1692f(6) present right to possession. The only federal court of appeals to address a breach-of-the-peace repossession under § 1692f(6) is the Eighth Circuit in *Clarin v. Repossessors, Inc.,* 198 F.3d 661 (8th Cir. 1999). The court there found that there was no breach of the peace under Minnesota law and therefore no FDCPA violation, stating:

> Because we find no breach of the peace under the Minnesota UCC, the Clarins's Fair Debt Collection Practices Act claim fails as well. The Fair Debt Collection Practices Act requires a wrongful possession for a claim to be maintained. *See* 15 U.S.C. § 1692f (6). Minnesota Repossessors had a present right of possession of the car under the Act. *See Clark v. Auto Recovery Bureau Conn., Inc.*, 889 F. Supp. 543, 547 (D. Conn. 1994); *see also* Barkley Clark, *The Law of Secured Transactions under the Uniform Commercial Code* P4.05[2][b] (Rev. ed. Supp. 1997). Accordingly, the Fair Debt Collection Practices Act claim fails.

198 F.3d at 665. The Eighth Circuit concluded that a breach of the peace under state law would interrupt a present right of possession through an otherwise enforceable security interest for purposes of 15 U.S.C. § 1692f(6). The Eighth Circuit relied upon state law in concluding "Minnesota Repossessors had a present right of possession of the car under the Act" and therefore did not violate the FDCPA.

The Seventh Circuit has not addressed an alleged breach-of-the-peace repossession under § 1692f(6). But several district courts in this Circuit have. Those courts have without exception analyzed the "present right to possession" under § 1692f(6)(A) with reference to whether there was a breach of the peace under state law. *See Bednarz v. Lovald*, 2016 U.S. Dist. LEXIS 149049, at *15 (E.D. Wis. Oct. 27, 2016) (noting defendants argued the plaintiffs' § 1692f(6) claim fails because they did not breach the peace in repossessing the vehicle); *Barnes v. Nw. Repossession, LLC*, 210 F.

7

Supp. 3d 954, 961 (N.D. Ill. 2016) ("To determine whether a debt collector had a present right to possession of the property under § 1692f(6), courts in this district and elsewhere have looked to the applicable state self-help repossession statute." (Quoting *Dudley v. Legal Investigations, Inc.*, 2007 U.S. Dist. LEXIS 21653, at *16 (N.D. Ill. Mar. 22, 2007)); *Smith v. AFS Acceptance, LLC*, 2012 U.S. Dist. LEXIS 75976, at *7 (N.D. Ill. June 1, 2012) ("In other words, if the debt collector violated the self-help repossession statute, by breach of the peace or otherwise, then the collector had no present right to possession of the property under §1692f(6)." (Quoting *Dudley v. Legal Investigations, Inc.*, 2007 U.S. Dist. LEXIS 21653, 2007 WL 952026, at *5 (N.D. Ill. Mar. 22, 2007)). *Jeffries v. Wells Fargo Bank, NA*, 2011 U.S. Dist. LEXIS 121405, at *16-17 (N.D. Ill. Oct. 19, 2011) ("Thus, in order to state a claim against TCN under § 1692f(6), Jeffries must allege that TCN was enforcing a security interest and did not have a present right to possess the collateral, which in this case means that Jeffries must allege that TCN breached the peace when it repossessed her car."); *Williams v. Republic Recovery Servs., Inc.*, 2010 U.S. Dist. LEXIS 54827, at *8-9 (N.D. Ill. May 27, 2010) (Plaintiff successfully argued in response to motion to dismiss that if a breach of the peace occurred under state law there was no present right to possession under § 1692f(6)); *Brooks v. Reliable Recovery Servs.*, 2010 U.S. Dist. LEXIS 79059, at *3 (N.D. Ill. Aug. 2, 2010) (court looks to state's secured creditor self-help statute to determine whether the repossessor did not have a present right to possession of the property because of a breach of the peace); *Dudley v. Legal Investigations, Inc.*, 2007 U.S. Dist. LEXIS 21653, at *16 (N.D. Ill. Mar. 22, 2007) ("To determine whether a debt collector had a present right to possession of the property under § 1692f(6), courts in this district and elsewhere have

looked to the applicable state self-help repossession statute."); *Purkett v. Key Bank USA, N.A.*, 2001 U.S. Dist. LEXIS 6126, at *6 (N.D. Ill. May 9, 2001) ("Thus, in order to state a claim, Purkett must allege that TWAS was enforcing a security interest and did not have a present right to possess the collateral, which in this case means that Purkett must allege that TWAS breached the peace when it repossessed his car.").

District courts outside the Seventh Circuit have also uniformly relied upon state law in assessing whether a present right to possession did not exist because of a breach of peace. *See Brooks v. Leon's Quality Adjusters, Inc.,* 2016 U.S. Dist. LEXIS 116803, at *35-52 (E.D. Cal. Aug. 29, 2016) (analyzing whether the repossessor breached the peace because "the Court looks to state law to determine whether Defendants had a 'present right to possession' of the collateral"); *Moore v. Capital One N.A.*, 2016 U.S. Dist. LEXIS 54428, at *4-6 (D. Minn. Apr. 22, 2016) ("The issue, then, is whether a reasonable jury could find that Davis' actions constituted a breach of the peace."); *Vantu v. Echo Recovery, L.L.C.*, 85 F. Supp. 3d 939, 943 (N.D. Ohio 2015) ("In general, a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace."); *Aviles v. Wayside Auto Body, Inc.*, 49 F. Supp. 3d 216, 224-228 (D. Conn. 2014) ("Determination of whether Wayside had a 'present right' to the Honda via an enforceable security interest turns on Article Nine of the UCC."); *Mkhitaryan v. U.S. Bancorp*, 2012 U.S. Dist. LEXIS 176724, at *7-13 (D. Nev. Dec. 12, 2012) ("In order to determine whether the secured party had a 'present right' to possession of the collateral, the court must look to state law regarding security interest." *Pflueger*, 1999 U.S. Dist. LEXIS 16701, 1999 WL 33740813, at *5 (citing *Clark*, 889 F.Supp. at 546)."); *Alexander v. Blackhawk Recovery & Investigation, L.L.C.*, 731 F. Supp. 2d 674, 678-680

(E.D. Mich. 2010) ("the court must determine whether a question of fact remains as to whether Blackhawk violated § 1692f(6) because it had no present right to possession of the Chevy Blazer it's (sic) agents acts constituted breaches of the peace"); *Saice v. MidAmerica Bank*, 1999 U.S. Dist. LEXIS 20845, at *15-16 (D. Minn. Sep. 20, 1999) ("'The critical question under section 1692f(6) is whether defendant had a 'present right to [the property]' via a valid security interest. This issue turns on the provisions of Article Nine of the Uniform Commercial Code ('UCC').' *Clark v. Auto Recovery Bureau Conn.*, Inc., 889 F. Supp. 543, 546 (D. Conn. 1994)."); *Pflueger v. Auto Fin. Grp., Inc.*, 1999 U.S. Dist. LEXIS 16701, at *15-18 (C.D. Cal. Apr. 26, 1999) ("In order to determine whether the secured party had a 'present right' to possession of the collateral, the court must look to state law regarding security interests."); *Ripka v. City & Cty. Emples. Credit Union*, 1999 U.S. Dist. LEXIS 21977, at *6-8 (D. Minn. Apr. 12, 1999) ("With regard to the interplay between a creditor's right to self-help repossession and its 'present right to possession,' two decisions from this district have suggested that the right to repossess under 1692f(6) is contingent on compliance with state law."); *Tucker v. Raw Recovery*, 1998 U.S. Dist. LEXIS 20162, at *14-15 (M.D.N.C. Oct. 28, 1998) ("even though in this case Defendants, based upon their delegated present right of possession, were not prevented by subsection 1692f(6) from repossessing the vehicle, they were required to do so peacefully"); *Vitale v. First Fid. Leasing Grp.*, 35 F. Supp. 2d 78, 81 (D. Conn. 1998); *Clark v. Auto Recovery Bureau, Inc.*, 889 F. Supp. 543, 546 (D. Conn. 1994) ("The critical question under section 1692f(6) is whether defendant had a 'present right' to the Saab via a valid security interest. This issue turns on the provisions of Article Nine of Connecticut's Uniform Commercial Code ('UCC').… If no breach of peace occurred,

then defendant exercised a 'present right' to possession"); *James v. Ford Motor Credit Co.,* 842 F. Supp. 1202, 1206-1209 (D. Minn. 1994) (same).

These cases show that federal courts across the United States have consistently concluded for decades that state law concerning the manner in which a repossession may be lawfully conducted informs whether a "present right to possession" exists. Congress amended the FDCPA in 2006 and 2010 and yet chose not to amend § 1692f(6) to address (i.e., correct) this well-established precedent, giving further support to its validity. *E.g. Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 988 (7th Cir. 2001) ("If a phrase or section of a law is clarified through judicial construction, and the law is amended but retains that same phrase or section, then Congress presumably intended for the language in the new law to have the same meaning as the old.")

### B. Numerous provisions of the FDCPA, including § 1692f(6), incorporate substantive state law violations.

Not only does the FDCPA routinely and necessarily incorporate substantive state law violations, but it also preempts state laws that are less protective of the consumer. 15 U.S.C. § 1692n. *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470 (7th Cir. 2007), does not counsel differently. The Seventh Circuit has explained that *Beler* establishes that "a violation of state law is not in itself a violation of the" FDCPA. *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 778 (7th Cir. 2007). Defendants even acknowledged this "in itself" limitation. Dkt. 40, p. 3 ("The court should not construe Defendants' argument to mean that action taken in violation of state law can never give rise to an FDCPA violation."). But as the Seventh Circuit has observed in *Evory* when it explained the *Beler* limitation, if the particular violation of state law is also abusive, deceptive, or unfair or violates some other provision of the FDCPA, reliance upon state

11

law is not an impediment. *Evory*, 505 F.3d at 778. Indeed, multiple provisions of the FDCPA besides § 1692f(6) would be incomprehensible without incorporating relevant state law. *See, e.g.,* § 1692e(2) ("The false representation of – (A) the character, amount, or **legal status** of any debt;"); § 1692e(2) ("The false representation of – (B) any services rendered or compensation **which may be lawfully received** by any debt collector for the collection of a debt."); § 1692e(4) ("The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person **unless such action is lawful** and the debt collector or creditor intends to take such action."); § 1692e(5) ("The threat to take any action **that cannot legally be taken** or that is not intended to be taken."); § 1692f(1) ("The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt **or permitted by law**.") (emphasis added seriatim).

In fact, the Seventh Circuit regularly relies upon state law in assessing whether the FDCPA has been violated. *See Boucher v. Fin. Sys. of Green Bay*, 880 F.3d 362 (7th Cir. 2018) (Wisconsin law on imposing late charges and other charges on delinquent medical debt); *Oliva v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 864 F.3d 492 (7th Cir. 2017) (Illinois law establishing judicial districts); *Aker v. Americollect, Inc.*, 854 F.3d 397 (7th Cir. 2017) (Wisconsin law on imposing interest on delinquent medical debt); *Pantoja v. Portfolio Recovery Assocs.*, LLC, 852 F.3d 679 (7th Cir. 2017) (Illinois law establishing statute of limitations); *Suesz v. Med-1 Sols., LLC*, 757 F.3d 636 (7th Cir. 2014) (Indiana law establishing judicial districts); *McMahon v. LVNV Funding, LLC*, 744

F.3d 1010 (7th Cir. 2014) (Illinois law establishing statute of limitations); *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013) (Illinois law establishing statute of limitations); *Lox v. CDA, Ltd.*, 689 F.3d 818 (7th Cir. 2012) (Illinois law on recovery of attorney fees in litigation).

Defendants stated in their summary judgment reply brief that the "important distinction between the present case, and the cases cited by Plaintiff, is that the Plaintiff is attempting to use the FDCPA to enforce independent legal obligations not mandated by the FDCPA." Dkt. 40, p. 3. As Plaintiff has explained in this motion, that is simply not the case. Plaintiff's claim is that Defendants violated § 1692f(6)(A) when Lawrence Towing took possession of her vehicle without having a present right to possession of it because of its breach of the peace. That the Court has to look to state law to determine whether there was a present right to possession gives meaning to the unfairness that Congress determined was inherent in a repossessor repossessing when it did not have a present right to do so. Contrary to Defendants' contention, state law is not "independent" of § 1692f(6)(A) but is integral to defining and understanding its meaning. And most important, the instant summary judgment ruling that would eliminate operative state law as a basis for evaluating an FDCPA violation cannot be reconciled with the teaching of the Seventh Circuit, as shown by its *Evory, Boucher, Oliva, Aker, Suesz, McMahon, Phillips,* and *Lox* opinions, as well as *Beler* itself.

### C. The loan and security agreement prohibits a breach-of-the-peace repossession and thus deprives the Defendants of a "present right to possession" separate from state law.

Finally, the Court misapprehended the relevant facts because the parties' loan and security agreement incorporates the breach-of-the-peace standard into the agreement

13

itself. In support of its holding, the Court stated that it is "undisputed that Huntington held a present right to possession based on the fact that Richards defaulted on her payments under the Agreement and Huntington held a security interest in the Tahoe." Dkt. 53, p. 6. The Court cited to the Personal Loan Agreement ("PLA") and Plaintiff's Complaint. *Id.* Plaintiff agrees that the PLA was an agreement between Huntington and Plaintiff, that the PLA provided Huntington a security interest in the Tahoe, and that Plaintiff was in default under the terms of the PLA. But Plaintiff has never conceded or agreed that Huntington had a present right to possession of the Tahoe at the time it was repossessed. Huntington's right to take possession of the collateral was explicitly limited under the terms of the PLA to doing so without a breach of the peace. The PLA states under the heading Additional Security Interest Provisions:

> **Taking possession of the collateral**
> If any promises under this agreement are broken, or if we exercise our acceleration right, then, without giving you any advance notice unless required by applicable law, we may take possession of the collateral. To take possession of the collateral, we may enter the premises where the collateral is stored and remove it. **We will not breach the peace**. Our retaking of the collateral does not release you from any obligation under this agreement. We may take any property in the collateral at the time of retaking and hold it for you as described under "Personal property in the collateral" below. This is in additional to any other rights we have. All of our rights are cumulative, may be exercised at the same time or different times, and are not exclusive. If we ask, you agree to deliver the collateral to us at any reasonable time and place we choose.

Dkt. 44-1, p. 3 (emphasis added). Huntington agreed to repossess only without a breach of the peace. The alleged breach of the peace here therefore terminated Huntington's present right to possession under the PLA.

## IV. CONCLUSION

The Court's order granting summary judgment to Defendants is based on a manifest error of fact (the parties' agreement precludes repossession unless conducted without a breach of the peace) and law (established case law is that breach of the peace voids the "present right to possession"). The order should be reversed. Plaintiff respectfully requests that the Court grant this motion and enter an order denying Defendants' motion for summary judgment.

Respectfully submitted,

s/ *Robert E. Duff*
Robert E. Duff, Atty No. 16392-06
Indiana Consumer Law Group/
The Law Office of Robert E. Duff
P.O. Box 7251
Fishers, IN 46037
800-817-0461
robert@robertdufflaw.com

Certificate of Service

The undersigned counsel for Plaintiff hereby certifies that on August 11, 2018, I electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, which sent notification of the filing to all counsel of record.

s/ *Robert E. Duff*
Robert E. Duff, Atty No. 16392-06
Indiana Consumer Law Group/
The Law Office of Robert E. Duff
P.O. Box 7251
Fishers, IN 46037
800-817-0461
robert@robertdufflaw.com