UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NICHOLE L. RICHARDS,<br><br>    Plaintiff,<br><br>v.<br><br>PAR, INC., and LAWRENCE TOWING, LLC,<br><br>    Defendants. | CASE NO.:  1:17-cv-00409-TWP-MPB |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S RULE 59(e) MOTION TO RECONSIDER**

Defendants PAR, INC. and Lawrence Towing LLC, by and through their counsel, submit the following Memorandum of Law in Opposition to Plaintiff's Rule 59(e) Motion to Reconsider based on Plaintiff's assertion that this court committed "a manifest error of both law and fact" when it granted Defendants' Motion for Summary Judgment.

  A.  **Standard of Review**

The standard of review on a motion for reconsideration was stated by the 7th Circuit in *Bank of Waunakee v Rochester Cheese Sales, Inc.,* 906 F.2d 1185 (7th Cir. 1990):

> Where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare. *Supra* at 1191.

In a motion to reconsider, it is not appropriate to rehash previously rejected arguments or argue matters that could have been heard during the pendency of the previous motion. *Caisse*

1

*Nationale de Credit Agricole v. CBI Industries Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996). The motion "will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer,* 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted).

      B.    **The court's dismissal of Plaintiff Fair Debt Collection Practices Act claim was correct.**

Plaintiff has failed to satisfy any of the standards for granting a motion to reconsider in this case. Instead, Plaintiff exhaustively argues that the Court erred when it failed to utilize state law to define whether a "present right to possession" exists under 15 U.S.C. § 1692f. (Doc. #56). Plaintiff further argues that this Court "appears to be the only federal court ruling ever adopting" the position that Defendants could not act contrary to the FDCPA when enforcing a valid security interest. This is exactly the issue that Plaintiff argued in opposition to Defendants' motion (Doc. #38, pg ID 162). The Court took note in its opinion that the parties "disagree on whether courts may look to state law, i.e. the definition of breach of the peace, to determine if § 1692f(6)(A) of the FDCPA was also violated. (Doc. #53). Plaintiff is therefore improperly raising the same arguments adjudicated in the prior Motion for Summary Judgment and reconsideration is not warranted.

As in Plaintiff's prior response in opposition to Defendants' Motion for Summary Judgment, Plaintiff urges the court to adopt an interpretation of § 1692f(6)(A) that is wholly unsupported by 7th Circuit precedent, statute, or legislative history. The fallacy in Plaintiff's

2

argument that the Court should turn to state law to determine if Defendants had the "present right to possession" of the vehicle ignores the context of the FDCPA provision. Section 1692f(6)(A) prohibits: "[t]aking or threatening to take any nonjudicial action to effect disposition or disablement of property **if** there is **_no present right to possession of the property claimed as collateral through an enforceable security interest_**." 15 U.S.C. §1692f (emphasis added). The relevant language here is "claimed as collateral through an enforceable security interest," suggesting that repossessions resulting from the enforcement of valid security interests do not give rise to violations of § 1692f. Plaintiff does not dispute that a valid security interest existed in this case. Therefore, Plaintiff's arguments fail.

This Court's opinion is not the only federal court ruling refusing to turn to state law to further expand the statutory language of the FDCPA. In *Montgomery v. Huntington Bank,* 346 F.3d 693 (6th Cir. 2003), the Plaintiff urged the Court to look to Michigan statutory law when defining the term "debt collector" for purposes of the finding liability under the FDCPA. The 6th Circuit rejected the Plaintiff's arguments, stating:

> State law, however, cannot be our reference point. Rather, to give proper meaning to a federal statute we must be guided by the plain meaning of the statute, canons of statutory construction, relevant legislative history, and other indicia that shed light on the statute's meaning, such as judicial precedent and administrative agency interpretations, which for purposes of the FDCPA, are interpretations given by the Federal Trade Commission ("FTC").

*Id.* at 699. See also, *Moore v. McCalla Raymer, LLC,* 916 F.Supp.2d 1332 (N.D. Ga, 2012) (dismissing claims that a foreclosure violated § 1692f(6)(a) when the Plaintiff did not dispute that the Defendant properly held the security deed and the note with the right to exercise the power of sale, thereby evidencing an enforceable security interest).

As Defendants previously noted in their reply brief (Doc. #40), where recovery under the FDCPA is sought <u>solely</u> based on conduct that violates state law, the FDCPA claims are properly dismissed, allowing the Plaintiff to pursue the remedy prescribed by state law. The distinguishing factor in the analysis is whether the conduct complained of by the Plaintiff is specifically regulated under the FDCPA, or the Court must turn to state law to define the alleged conduct. For example, in *Evory v. RJM Acquisitions Funding L.L.C.,* 505 F.3d 769 (7th Cir. 2007) the Court discussed a scenario whereby a Debtor was presented with a threat of a $15 daily charge that would be added to the debt until the debt was paid in full, amounting to a 730% interest rate. *Id.* at 777-778. This interest rate violated Indiana Law, and also section 1692e of the FDCPA. As the conduct was specifically barred by the FDCPA, a cause of action properly existed under the FDCPA. However, in the instant action, a cause of action for breach of the peace repossession arises solely under Indiana law, and not under the FDCPA. As noted by the 7th Circuit in *Beler v. Blatt, Hasenmiller, Leibsker & Moore,, LLC,* 480 F.3d 470, 474 (2007), "[b]ecause Section 1692f is not a "piggyback jurisdiction clause[,]" plaintiff cannot use its prohibition on using "unfair or unconscionable means" to collect debts as an enforcement mechanism for Indiana law. *Beler,* 480 F.3d at 474. Plaintiff does not point to any authority where the Courts in the Seventh Circuit have allowed the FDCPA to be used as a means to recover for alleged violations of Indiana's statutory prohibition against breach of the peace repossessions. Therefore, Plaintiff has failed to show any error of law or fact regarding the Court's Order Granting Defendant's Motion for Summary Judgment.

        C.    **The loan and security agreement do not give rise to a FDCPA claim.**

Plaintiff also argues in her Motion to Reconsider that the Court misunderstood the facts when it failed to consider that the loan and security agreement between Plaintiff and Huntington barred any breach of the peace, and therefore, Defendants did not have the "right to possession" under section 1692f. Efforts to use contractual provisions to formulate violations of § 1692f were specifically rejected in *Bentrud v. Bowman,* 794 F.3d 871 (7th Cir. 2015). In *Bentrud,* the Plaintiff unsuccessfully argued that a debt collector violated § 1692f of the FDCPA by failing to honor an arbitration provision in a credit card agreement and filing suit to collect the past due balance instead. The Court granting the Defendant debt-collector's motion for summary Judgment and the Seventh Circuit affirmed, finding that the remedy for an alleged violation or the arbitration provision was a breach of contract action, not a cause of action under the FDCPA, noting: "[t]he FDCPA is not enforcement mechanism for matters governed elsewhere by state and federal law….But that is what Bentrud is attempting to do here; he seeks to transform the FDCPA into an enforcement mechanism for the arbitration provision of his credit card agreement." *Id.* at 875.

Not unlike the Plaintiff in *Bentrud*, Nichole Richards is attempting to use the FDCPA as an enforcement mechanism for the loan and security agreement, as well as a cause of action governed solely by Indiana law. Richards has never disputed that Indiana law governs breach of the peace repossessions, and otherwise has offered this Court no persuasive authority abrogating the 7th Circuit's holdings in *Bentrud* or *Beler v Blatt, Hasenmiller, Leibsker & Moore, LLC,* 480 F.3d 470, 474 (2007), the cases predominately relied upon by the Court in rendering its opinion granting Defendants' Motion for Summary Judgment.

WHEREFORE, for these reasons, Defendants, by counsel, request that the Court deny in all respects Plaintiff Nichole Richards' Motion to Reconsider.

Respectfully submitted,

s/ Courtney A. Krause
Courtney A. Krause # 34276-45
Garan Lucow Miller, P.C.
1111 W Long Lake Rd. Ste 300
Troy     MI      48098
Telephone: (248) 641-7600
Facsimile: (248) 641-0222
Email: ckrause@garanlucow.com
*Attorney for Defendants*

Dated: August 25, 2018

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2018, I electronically filed with the Clerk of the U.S. District Court, Southern District of Indiana, the foregoing document using the CM/ECF system, that will electronically serve such filing upon all counsel of record.

                                                s/ Courtney A. Krause
                                                Courtney A. Krause # 34276-45
                                                Garan Lucow Miller, P.C.
                                                1111 W Long Lake Rd. Ste 300
                                                Troy     MI     48098
                                                Telephone: (248) 641-7600
                                                Facsimile: (248) 641-0222
                                                Email: ckrause@garanlucow.com

                                                *Attorney for Defendants PAR, Inc. and*
                                                *Lawrence Towing*