UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NICHOLE L. RICHARDS,<br><br>    Plaintiff,<br><br>v.<br><br>PAR, INC., and LAWRENCE TOWING, LLC,<br><br>    Defendants. | CASE NO.: 1:17-cv-00409-TWP-MPB |

**PLAINTIFF'S REPLY**
**BRIEF IN SUPPORT OF RULE 59(e) MOTION TO RECONSIDER**

Plaintiff responds as follows to Defendants' Response in Opposition to Plaintiff's Rule 59(e) Motion to Reconsider [Dkts. 57 and 58]:

Defendants apparently cannot defend the instant summary judgment ruling from the manifest errors that Plaintiff has identified. The linchpin of that ruling is its holding that "Richards may not use the FDCPA to enforce a remedy governed under state law." Dkt. 53, p. 8. But the Seventh Circuit, like all federal courts, has consistently employed relevant state law to define a series of FDCPA violations. Thus, the ruling's reliance on the putative disconnect between the FDCPA and substantive state law is in error and should be reconsidered.

Defendants' reference to federal cases that show that not every violation of state law is necessarily a violation of the FDCPA merely clarifies the scope of the controlling jurisprudence that rejects any such categorical disconnect between the FDCPA and state law. For instance, *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470 (7th Cir. 2007), is simply one of several Seventh Circuit opinions that explain when and how

state law informs an FDCPA violation. Indeed, the Eleventh Circuit, in its seminal opinion elucidating this point, cited *Beler* as one case on the continuum of FDCPA authorities whose holdings show that not "all debt collector actions in violation of state law constitute *per se* violations of the FDCPA" to those that find a federal violation because "the conduct or communication at issue must also violate the relevant provision of the FDCPA." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010).

Thus, § 1692f(6)(A), the FDCPA provision adopted expressly to curtail wrongful repossessions, regulates the conduct of repossessors as a matter of federal law. *See e.g. Henson v. Santander Consumer USA Inc.*, --- U.S. ----, 137 S. Ct. 1718, 1720, 198 L. Ed. 2d 177 (2017) ("we now face a question about who exactly qualifies as a 'debt collector' subject to the Act's rigors. Everyone agrees that the term embraces the repo man"). The FDCPA, however, does not attempt to state what precise misconduct deprives the repossessor of its "present right to possession" and therefore relies on state law, just as every federal court without exception has concluded. Similarly, in *Evory v. RJM Acquisitions Funding L.L.C.,* 505 F.3d 769 (7th Cir. 2007), the Seventh Circuit sustained the debt collector's FDCPA liability by applying the FDCPA provisions that prohibit imposition of excessive fees by relying on applicable substantive Indiana law. As Plaintiff has shown, a litany of FDCPA provisions in addition to § 1692f(6)(A) would be incomprehensible without incorporating relevant state law, and no fewer than nine Seventh Circuit precedential opinions could not exist in the absence of this analytical framework of an FDCPA violation arising out of state law.

Defendants have not engaged in this analysis with regard to the well-established breach-of-the-peace repossession violation under § 1692f(6)(A). They concede, as they must, that this summary judgment ruling deviates from the entire body of existing federal § 1692f(6)(A) law. And their single citation to one inapposite § 1692f(6)(A) mortgage foreclosure case [*Moore v. McCalla Raymer, LLC,* 916 F.Supp.2d 1332 (N.D. Ga. 2012)] has no bearing on the wrongful repossession issue presented here. If Defendants cite *Moore* to suggest that § 1692f(6)(A) depends solely on the existence of an valid security agreement, two observations are inescapable: first, *Moore* makes no such claim and stands for no such proposition; and second, Defendant's usage of *Moore* merely adds to the conclusion that they cannot defend the instant summary judgment ruling.

Finally, Defendants' attempt to dismiss the incontrovertible fact that the parties' security agreement contractually barred the breach-of-the-peace repossession that occurred here highlights the inconsistency in the summary judgment ruling. The ruling rejected the entire body of federal § 1692f(6)(A) breach-of-the-peace repossession case law and substituted an analysis of the contractual security interest. Confronted with the express terms of the security agreement prohibiting breach-of-the-peace repossession, Defendants now claim that the parties' contract terms are irrelevant. Had the summary judgment ruling been faithful to the unanimous federal jurisprudence applying state law breach-of-the-peace standards, then this contract question would be an academic issue. But Defendants' current rejection of the one portion of the security agreement that they disfavor as an ultra vires incorporation of the parties' contract when the ruling expressly adopted such a contractual approach exposes the ruling as internally contradictory and erroneous.

Defendants have demonstrated that they have no substantive answer to the legal issues raised in the pending motion. This Court should accordingly grant reconsideration to correct the manifest errors that Plaintiff has identified.

Respectfully submitted,

s/ *Robert E. Duff*
Robert E. Duff, Atty No. 16392-06
Indiana Consumer Law Group/
The Law Office of Robert E. Duff
P.O. Box 7251
Fishers, IN 46037
800-817-0461
robert@robertdufflaw.com

Certificate of Service

The undersigned counsel for Plaintiff hereby certifies that on August 31, 2018, I electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, which sent notification of the filing to all counsel of record.

s/ *Robert E. Duff*
Robert E. Duff, Atty No. 16392-06
Indiana Consumer Law Group/
The Law Office of Robert E. Duff
P.O. Box 7251
Fishers, IN 46037
800-817-0461
robert@robertdufflaw.com