# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| NICHOLE L. RICHARDS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:17-cv-00409-TWP-MPB |
| PAR, INC., and LAWRENCE TOWING, LLC, | ) ) ) |
| Defendants. | ) |

## ENTRY ON RICHARDS' MOTION TO RECONSIDER

This matter is before the Court of a Motion to Reconsider filed pursuant to Federal Rule of Civil Procedure 59(e) by Plaintiff Nichole L. Richards. (Filing No. 55.) On July 16, 2018, the Court granted PAR, Inc.'s and Lawrence Towing, LLC's (collectively, "Defendants") Motion for Summary Judgment, finding Richards did not have a valid claim under the Fair Debt Collection Practices Act ("FDCPA") because the Defendants had a present right to repossess her Chevrolet Tahoe and any claim that they breached the peace while doing so was an independent matter of state law. (Filing No. 53.) The Court declined to exercise supplemental jurisdiction over Richards' state law claims and dismissed those claims without prejudice. *Id.* at 11. The Court entered final judgment pursuant to Fed. R. Civ. Pro. 58. (Filing No. 54.) Richards now asks the Court to reverse its summary judgment order and enter an order denying Defendants' Motion for Summary Judgment (Filing No. 56 at 15). For the following reasons, the Court **denies** Richards' Motion to Reconsider.

## I.  LEGAL STANDARD

Although motions to reconsider are not specifically authorized by the Federal Rules of Civil Procedure, courts in the Seventh Circuit apply Rule 59(e) or Rule 60(b) standards to these

motions. *Smith v. Utah Valley Univ.*, 2015 U.S. Dist. LEXIS 70271, at *3–4 (S.D. Ind. June 1, 2015). A motion to alter or amend under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). If timely filed, a motion styled as a motion to reconsider should be considered under Rule 59(e). *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742 (7th Cir. 2009). The Court issued its Order on Defendants' Motion for Summary Judgment on July 16, 2018 (Filing No. 53). Richards filed her "Motion to Reconsider" (Filing No. 55) on August 11, 2018, twenty-six days after the Court's Order. Therefore, the Court will analyze the Motion as a motion to alter or amend under Rule 59(e).

The purpose of a motion to alter or amend judgment under Rule 59(e) is to ask the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). "A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). Relief pursuant to a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A Rule 59(e) motion may be used "to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Furthermore, "a Rule 59(e) motion is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have

been presented earlier." *Brownstone Publ'g, LLC v. AT&T, Inc.*, 2009 U.S. Dist. LEXIS 25485, at *7 (S.D. Ind. Mar. 24, 2009).

## II. DISCUSSION

Richards' position is that "the court committed a manifest error of law or fact in failing to apply the unanimous interpretation of [15 U.S.C.] § 1692(f)(6) and in overlooking the terms of the parties' agreement." ([Filing No. 56 at 4](Filing No. 56 at 4).) Section 1692f(6)(A) makes the following a violation of federal law: "Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if…there is no present right to possession of the property claimed as collateral through an enforceable security interest." In its Order on Defendants' Motion for Summary Judgment, the Court found that Defendants had an enforceable security interest in the Chevrolet Tahoe, and thus they had a present right to possession and did not violate § 1692f(6)(A). Richards disagrees with the Court's reading of the statute.

Her understanding is that Defendants lost their present right to repossession by breaching the peace under Indiana law. ([Filing No. 56 at 5](Filing No. 56 at 5).) According to Richards, a § 1692f(6) present right to repossession, even when it is supported by an enforceable security interest, can be extinguished by a violation of a state self-help statute. *Id.* at 6. She cites as authority for this assertion one federal Court of Appeals opinion from the Eighth Circuit and numerous District Court orders from within the Seventh Circuit and elsewhere. *Id.* at 7-11. Richards also argues that the Court of Appeals for the Seventh Circuit has consulted state law in FDCPA cases unrelated to breach of the peace and that other provisions of the FDCPA require courts to examine state law. *Id.* at 11-13. Last, Richards argues that, independent of state law, a provision in her loan agreement in which her creditor agreed not to breach the peace when taking possession of any collateral

3

property also extinguishes Defendants' present right to repossession under § 1692f(6)(A). *Id.* at 13-14.

In response, Defendants argue that when a claim for recovery under the FDCPA is based solely on the premise that the defendant violated state law, the FDCPA claim is dismissed, allowing the plaintiff to pursue the remedy contemplated by the state law that the defendant violated. ([Filing No. 58 at 4](#).) Defendants cite *Montgomery v. Huntington Bank*, 346 F.3d 693 (6th Cir. 2003), in which the Court of Appeals for the Sixth Circuit declined to use state law as a reference point for interpreting the FDCPA. *Id.* at 3. Defendants disagree that the text of the loan agreement supports a FDCPA claim, arguing that the Seventh Circuit disapproved of using contractual provisions to formulate a § 1692f violation in *Bentrud v. Bowman*, 794 F.3d 871 (7th Cir. 2015).

**A.** **State Law**

The Court of Appeals for the Seventh Circuit has not directly ruled on this issue, but it has addressed the issue several times, most directly in *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470 (7th Cir. 2007). In that case, like in this one, a debtor admitted that she violated a security agreement by failing to make payments, but claimed that the defendant violated the FDCPA. Beler argued that defendants, by freezing her checking account, violated the provision of § 1692f that prohibits debt collectors from using "any unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Beler asked the court for a broad ruling declaring that violation of any other rule of positive law by a debt collector was unfair or unconscionable under the FDCPA. The Court of Appeals declined to issue that broad holding. In doing so, it noted that

> § 1692f creates its own rules (or authorizes the courts and the FTC to do so); it does not so much as hint at being an enforcement mechanism for other rules of state and

federal law. This is not a piggyback jurisdiction clause. If the Law Firm violated the Social Security Act, that statute's rules should be applied. Likewise, if the Law Firm violated Illinois law. Section 1692f does not take a state-law dispute and move it to federal court, even though the amount in controversy is well under $75,000 and the parties are not of diverse citizenship.

480 F.3d at 474.

Although not at issue in *Beler*, the Court of Appeals addressed § 1692f(6) *in dicta*:

Subsection (6) is especially interesting. It says that creditors may not take "nonjudicial" actions that seize property exempt by law. The implication is that state judicial proceedings are outside the scope of § 1692f. State judges may decide how their judgments are to be collected. This does not necessarily mean that the FTC must steer clear of the subject, but it certainly implies that federal judges ought not use this ambulatory language to displace decisions consciously made by state legislatures and courts about how judgment creditors collect judgments entered under state law.

*Id.* at 475. The Court of Appeals' language suggests that when a state legislature has crafted a self-help repossession statute and prescribed a remedy, federal courts should not usurp that remedy by resolving self-help repossession disputes through the FDCPA.

Richards cites numerous cases from the Northern District of Illinois and one case from the Eastern District of Wisconsin in which courts looked at state law to determine whether a defendant had extinguished his right to possession by engaging in extrajudicial self-help. *E.g., Bednarz v. Lovald*, 2016 WL 6304705 (E.D. Wis. Oct. 27, 2016); *Barnes v. Nw. Repossession, LLC*, 210 F. Supp. 3d 954 (N.D. Ill. 2016). These courts' choice to consult state law is understandable. The FDCPA does not define "present right to possession," and the courts must derive its meaning from somewhere. But just as the phrase "present right to possession" is vague, so is the phrase "unfair and unconscionable," the subject of *Beler*.[1] Yet the *Beler* court resisted the urge to resort to state

---

[1] "The statute provides that '[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.' What is 'unfair or unconscionable'? The statute does not say. Although the FDCPA does authorize the Federal Trade Commission to issue advisory opinions that bear on the question at hand. Nor has it issued any helpful opinions in enforcement proceedings under 15 U.S.C. § 1692a." 480 F.3d at 473 (brackets original).

5

law, instead hoping that federal common law or a Federal Trade Commission advisory opinion would provide the answer. *Beler* at 473.

The Indiana Code allows a secured party to "take possession of the collateral" after default "without judicial process, if it proceeds without breach of the peace." Ind. Code § 26-1-9.1-609. If a secured party fails to comply, it "is liable for damages in the amount of any loss caused." Ind. Code § 26-1-9.1-625(b). Additionally, "a court may order or restrain collection, enforcement, or disposition of collateral on appropriate terms and conditions." *Id.* at § 26-1-9.1-625(a). Indiana has installed a procedure for debt collection or repossession and a remedy for when that procedure is ignored. In accordance with *Beler*, this Court will not use the "ambulatory language" of the FDCPA "to displace decisions consciously made by state legislatures and courts" about how creditors collect debts under state law. 480 F.3d at 475. Thus, the Court **denies** Richards' Motion to Reconsider on these grounds.

**B.** **The Loan Agreement**

Richards' second argument fails for the same reason. Richards argues that her loan agreement prohibited her creditor from breaching the peace when it repossessed her collateral, and thus Defendants forfeited their present right to possession under the FDCPA when they breached the peace. But just as the FDCPA will not make a federal claim out of a state claim, it will not make a federal claim out of a breach of contract claim.

The Court of Appeals said as much in *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871 (7th Cir. 2015). Relying on *Beler*, *Bentrud* declared "The FDCPA is not an enforcement mechanism for matters governed elsewhere by state and federal law." *Bentrud* at 875. In *Bentrud*, the plaintiff argued that it was "unfair" or "unconscionable" under the FDCPA for defendants to move for summary judgment against him in a state court debt collection action

6

because the contract at issue—his credit card agreement—allowed him to pursue arbitration. The Seventh Circuit reminded Bentrud that if the defendants violated his contract by pursuing litigation after he had elected to proceed in arbitration, "his remedy sounds in breach of contract, not the FDCPA." *Id*.

That is the case for Richards as well. If Defendants disregarded their contractual obligations by breaching the peace, Richards has a state claim for breach of contract, not a federal claim under the FDCPA. For that reason, the Court **denies** her Motion to Reconsider on this second ground.

### III. CONCLUSION

For the foregoing reasons, Richards' Motion to Reconsider pursuant to Federal Rule of Civil Procedure 59(e) ([Filing No. 55](#)) is **DENIED**.

**SO ORDERED.**

Date: 12/27/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Robert E. Duff
INDIANA CONSUMER LAW GROUP
robert@robertdufflaw.com

Gregory M. Bokota
GARAN LUCOW MILLER P.C.
GBokota@garanlucow.com

Courtney A. Krause
GARAN LUCOW MILLER, P.C.
ckrause@garanlucow.com