UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NICHOLE L. RICHARDS,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>PAR, INC., and LAWRENCE TOWING, LLC,<br><br>　　　　　　Defendants. | CASE NO.: 1:17-cv-409-TWP-MPB |

### DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST

Defendants PAR, Inc. ("PAR") and Lawrence Towing, LLC ("Lawrence"), by counsel, make the following objections to Plaintiff's Exhibit List, ECF 90:

1. Defendants object to the inclusion of the "Richard Martin Deposition Excerpts" and "Matthew Ellis Deposition Excerpts on the grounds that the inclusion of these depositions fails to comply with Federal Rule of Civil Procedure 32. Rule 32 states, in relevant part:

> (1). *In General.* At a hearing or trial, all or part of a deposition may be used against a party on these conditions:
>
> > (A) the party was present or represented at the taking of the deposition or had reasonable notice of it;

>> (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and
>
>> (C) the use is allowed by Rule 32(a)(2) through (8).
>
> …
>
>> (3) *Deposition of Party, Agent, or Designee*. An adverse party may use for any purpose the deposition of a party or anyone one, when deposed, **was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4).**

(Fed.R.Civ.P. 32, emphasis added)

Richard Martin and Matthew Ellis are not employees of either Defendant, Defendants' officers, directors, managing agents or designees under Rule 30(b)(6) or 31(a)(4) and therefore, Plaintiff's use of these deposition excerpts is improper. Moreover, Plaintiff has not established that these witnesses are unavailable based on one of the factors delineated in Fed.R.Civ.P.(a)(4).

2. Defendants also object to the Plaintiff's use of the Deposition Excerpts of Richard Martin and Matthew Ellis on the grounds that Plaintiff fails to comply with the case management plan requirements (ECF 23). The case management plan provides a party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

> a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the

2

        actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

        b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers. (ECF No. 23, Page ID 82).

As Plaintiff only lists her intention to use the excerpts of the depositions of Richard Martin and Matthew Ellis without providing the corresponding information required by the case management plan, Plaintiff's use of these depositions is inappropriate.

3.     Defendant objects to Plaintiff's exhibit "photograph of front door and porch" (Plaintiff's exhibit 109) as the photograph depicts two minor children. The presence of these children is not relevant to either party's claims or defenses and is therefore more prejudicial than probative, suggesting an intent by the Plaintiff to bias the jury. Inclusion of this photograph at trial would also needlessly confuse the jury as to the issues of this case. *See,* Fed.R.Evid. 403; *Heflin v. City of Chicago,* 95 C 1990, 1996 WL 28238 (N.D.Ill. 1996).

4.     Defendants object to the Plaintiff's intended use of unspecified "demonstrative exhibits" on the grounds that reference to these exhibits is vague, non-specific and suggests the use of exhibits not previously disclosed on Plaintiff's preliminary exhibit list.

3

Dated: September 29, 2021

                    Respectfully submitted,

                    <u>s/ Courtney A. Krause</u>
                    Courtney A. Krause # 34276-45
                    1155 Brewery Park Blvd. Ste 200
                    Detroit   MI   48207
                    Telephone: (313) 446-5522
                    Facsimile: (313) 259-0450
                    Email: ckrause@garanlucow.com

                    *Attorney for Defendants PAR, Inc. and Lawrence Towing, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2021, a copy of the foregoing was filed electronically with the Court's electronic filing system which will send notice of such filing to all counsel of record.

s/ Courtney A. Krause
Courtney A. Krause # 34276-45
Garan Lucow Miller, P.C.
