UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NICHOLE L. RICHARDS,<br><br>        Plaintiff,<br><br>v.<br><br>PAR, INC., and LAWRENCE TOWING, LLC,<br><br>        Defendants. | CASE NO.: 1:17-cv-409-TWP-MPB |

**DEFENDANTS' MOTION TO EXCLUDE
PLAINTIFF'S TRIAL EXHIBITS**

Defendants PAR, Inc. ("PAR") and Lawrence Towing, LLC ("Lawrence"), through counsel, submits the following motion in response to Plaintiff's Trial Exhibit List (ECF 90) and requesting a ruling on Defendants' objections (ECF 100) to Plaintiff's Exhibits before Trial in accordance with the Case Management Order (ECF 23). In support of their motion, Defendants state as follows:

1. On September 22, 2021, Plaintiff filed a Trial Exhibit List (ECF 90).

2. Defendants' filed objections to the Plaintiff's Trial Exhibit 104, 105, 109, and unspecified "demonstrative exhibits" proposed by Plaintiff on September 29, 2021 (ECF 100).

3. Defendants objected to the inclusion of the "Richard Martin Deposition Excerpts" (marked as Plaintiff's Exhibit 104) and "Matthew Ellis Deposition Excerpts" (marked as Plaintiff's Exhibit 105) on the grounds that the inclusion of these depositions fails to comply with the case management plan requirements (ECF 23) and Federal Rule of Civil Procedure 32. Rule 32 states, in relevant part:

> (1). *In General.* At a hearing or trial, all or part of a deposition may be used against a party on these conditions:
>
> (A) the party was present or represented at the taking of the deposition or had reasonable notice of it;
> (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and
>
> (C) the use is allowed by Rule 32(a)(2) through (8).
> …
> (3) *Deposition of Party, Agent, or Designee*. An adverse party may use for any purpose the deposition of a party or anyone one, when deposed, **was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4).**

(Fed.R.Civ.P. 32, emphasis added)

Richard Martin and Matthew Ellis are not employees of either Defendant, Defendants' officers, directors, managing agents or designees under Rule 30(b)(6) or 31(a)(4) and therefore, Plaintiff's use of these deposition excerpts is improper. Moreover, Plaintiff has not established that these witnesses are unavailable based on one of the factors delineated in Fed.R.Civ.P.(a)(4).

2

4.      Defendants objected to Plaintiff's exhibit 109 entitled "photograph of front door and porch" as the photograph depicts two minor children. The presence of these children is not relevant to either party's claims or defenses and is therefore more prejudicial than probative, suggesting an intent by the Plaintiff to bias the jury. Inclusion of this photograph at trial depicting minor children would also needlessly confuse the jury as to the issues of this case. *See,* Fed.R.Evid. 403; *Heflin v. City of Chicago,* 95 C 1990, 1996 WL 28238 (N.D.Ill. 1996).

5.      Defendants objected to the Plaintiff's intended use of unspecified "demonstrative exhibits" on the grounds that reference to these exhibits is vague, non-specific and suggests the use of exhibits not previously disclosed on Plaintiff's preliminary exhibit list.

      WHEREFORE, Defendants respectfully request a ruling on the foregoing objections in advance of Trial.

                                 Respectfully submitted,

                                 s/ Courtney A. Krause
                                 Courtney A. Krause # 34276-45
                                 1155 Brewery Park Blvd. Ste 200
                                 Detroit   MI   48207
                                 Telephone: (313) 446-5522
                                 Facsimile: (313) 259-0450
                                 Email: ckrause@garanlucow.com

                                 *Attorney for Defendants PAR, Inc. and Lawrence Towing, LLC*

Dated: October 1, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2021, a copy of the foregoing was filed electronically with the Court's electronic filing system which will send notice of such filing to all counsel of record.

                                                s/ Courtney A. Krause
                                                Courtney A. Krause # 34276-45
                                                Garan Lucow Miller, P.C.