UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NICHOLE L. RICHARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-00409-TWP-MPB |
| | ) |
| PAR, INC. and LAWRENCE TOWING, LLC, | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON MOTIONS *IN LIMINE***

This matter is before the Court on opposing Motions *in Limine* filed by Plaintiff Nichole L. Richards ("Richards") (Filing No. 92) and Defendants PAR Inc. ("PAR") and Lawrence Towing, LLC ("Lawrence Towing") (collectively, "Defendants") (Filing No. 95). Richards initiated this lawsuit alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Indiana Crime Victims Relief Act after Defendants repossessed her vehicle for which she defaulted on payment. This matter is scheduled for a jury trial on November 1, 2021. In anticipation of trial and according to the case management plan, both parties have moved the Court to rule on various evidentiary issues. For the following reasons, Richards' Motion *in Limine* is **granted in part and denied in part,** and Defendants' Motion *in Limine* is **granted in part and denied in part**.

## I.  LEGAL STANDARD

District courts maintain "broad discretion in ruling on evidentiary questions during trial or before on motions in limine." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). "Motions *in limine* are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002).

The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means the court is unable to determine, before trial, whether the evidence should be excluded. *Id.* at 1401. During trial, however, the presiding judge "is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

## II.     DISCUSSION

Each party has filed a Motion *in Limine* with numerous parts. The Court will address each Motion separately.

### A.     Richards' Motion *in Limine*

In her Motion *in Limine*, Richards seeks a preliminary evidentiary ruling regarding several categories of evidence prior to trial. Specifically, Richards seeks exclusion of the following categories of evidence: (1) her past arrests and convictions; (2) the amount of her arrearage at the time of repossession; (3) her unrelated delinquencies, debts, defaults, judgments, repossessions, evictions, or bankruptcies; (4) possible attorney fees award; (5) litigation or arbitration involving Richards and Huntington National Bank ("Huntington"); (6) settlement offers or settlement negotiations; (7) any argument that because law enforcement permitted or assisted in the repossession that it was legal and/or that there was no breach of the peace occurred; and (8) any witness mentioning pending litigation involving an "extremely unfortunate life event".

Defendants concede Richards' Motion about issues (4) and (6). (Filing No. 99.) Thus, Richards' Motion is **granted** as to those requests. The Court addresses the remaining claims below.

### 1. Richards' Past Arrests and Convictions

Richards argues that evidence of her past arrests and convictions should be excluded because none meet the requirements of Federal Rule of Evidence 609. Rule 609 allows the admission of evidence of prior convictions when used to impeach a witness, but different standards apply depending on whether the prior conviction is more or less than ten years old. Defendants object to Richards' request because she fails to provide any specific information regarding her arrests or convictions to determine the applicability of Rule 609. The Court agrees.

"A motion in limine should not be granted unless it appears that the evidence is 'clearly inadmissible on all possible grounds.'" *Malibu Media, LLC v. Tashiro*, No. 1:13-cv-00205-WTL, 2015 WL 1717170, at *1 (S.D. Ind. Apr. 14, 2015) (quoting *Casares v. Bernal*, 790 F. Supp. 2d 769, 775 (N.D. Ill. 2011)). Given the lack of detail provided about Richards' arrests and convictions, the Court is unable to determine the relevancy of Richards' criminal history and has no context on which to determine the admissibility of such evidence. Courts often defer admissibility determinations so they can be made in the context of trial rather than granting a motion *in limine* when the case has not significantly developed to a point where a court can make an informed relevancy determination. In this case, the Court is unable to decide outside the context of the trial because an order *in limine* at this stage could bar potentially permissible evidence.

Accordingly, Richards' request is **denied.** If Richards believes evidence of her prior arrests or convictions are being improperly presented during trial, she may object at that time.

### 2. The Amount of Richards' Arrearage at the Time of Repossession

Richards next contends that any evidence regarding the amount of money she owed and extent to which she was delinquent on payments should be excluded. She argues that her arrearage is not relevant to the issues in this case and would only serve to disparage her to the jury. Defendants respond that this evidence is relevant in demonstrating the possessory rights of the parties and they "remain entitled to demonstrate to the jury that Plaintiff defaulted under the terms of the loan agreement that allowed enforcement of a valid security interest as contemplated by Indiana Code § 26-1-9.1-609." (Filing No. 99 at 2-3.)

The Court concludes that excluding this evidence before trial is not appropriate. Richards provided a limited discussion, without any supporting case law, that evidence of Richards' arrears are irrelevant and unfairly prejudicial. This evidence, however, appears to be potentially relevant to Richards' claims and possibly prejudicial to Defendants if excluded. At this pretrial stage, the Court cannot conclude that these matters clearly are not admissible for any purpose. Thus, Richards' request is **denied**.

### 3. Richards's Unrelated Delinquencies, Debts, Defaults, Judgments, Repossessions, Evictions, or Bankruptcies

Next, Richards argues that any evidence of "unrelated delinquencies, debts, defaults, judgments, repossessions (including of the same vehicle), evictions, or bankruptcies" should be excluded as they are not relevant to the issues in this case and would only serve to make Richards look bad to the jury. (Filing No. 92 at 2.) Defendants object to this request only to the extent that Richards attempts to exclude evidence of her procurement of the loan, delinquencies, and repossessions concerning the same vehicle at issue in this case.

Like previous requests, Richards has failed to provide details regarding the specific delinquencies, debts, defaults, judgments, repossessions, evictions, or bankruptcies that she wishes

to exclude. Without this information, the Court cannot clearly determine that there is no admissible purpose for this evidence. Therefore, the Court **denies** the request.

### 4. Litigation or Arbitration Involving Huntington

Richards also asks the Court to exclude evidence regarding pending litigation and arbitration proceedings involving Richards and Huntington. She asserts that the evidence of this separate litigation and arbitration has no relevance to any issues being tried in this case. Richards states that the separate litigation and arbitration concerns the Personal Loan Agreement involved in this case but does not provide any additional information regarding the subject of those separate proceedings.

In response, the Defendants argue that Richards' claim against Huntington is both relevant and admissible because of the damages Richards seeks from Defendants. Specifically, Defendants state that this information is relevant to the extent Richards may be attributing the same damages to Huntington as she is seeking from Defendants.

Richards has not shown that this evidence is not admissible for any purpose. Evidentiary rulings regarding the litigation and arbitration between Richards and Huntington must be deferred until trial so that questions of relevancy and prejudice can be resolved in context. This request is **denied.**

### 5. Law Enforcement's Involvement in the Repossession Made it Legal and/or Prevents Finding No Breach of the Peace Occurred

Richards next contends that all parties should be prohibited from "arguing that the repossession was legal or occurred without a breach of the peace because law enforcement officers permitted it." (Filing No. 92 at 4.) Richards argues that the Court will instruct the jury about the law and how to apply it to the facts, and Defendants should not be allowed to provide evidence or testimony that asks the jury to ignore the law as instructed by the Court.

5

Defendants object to Richards' request claiming that this motion *in limine* is "improper" and "a disguised motion for summary judgment." (Filing No. 99 at 5.) Defendants argue that Richards is asking the court to make a finding of fact that law enforcement "permitted" or "assisted" in the repossession. Defendants also contend that Richards's request is overly broad and that she failed to show that this evidence is clearly inadmissible on all potential grounds.

The Defendants' point is well-taken. At this pretrial stage, the Court cannot conclude that this evidence clearly is not admissible for any purpose. Therefore, this evidentiary ruling must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. Thus, Richards' request is **denied**. If Richards believes a particular line of questioning or argument during trial is improper, she may object at that time.

### 6. Pending Litigation Involving a Witness and an "Extremely Unfortunate Life Event"

Lastly, Richards alleges that a witness in this case is involved in litigation concerning an "extremely unfortunate life event." Richards argues that this witness, who is not identified, should be prevented from testifying about both the litigation or the "life event" as it would be irrelevant to any issue in this case and could engender sympathy for the witness. Defendants, however, object to Richards' request on the grounds that it is overbroad and ambiguous, making it impossible for Defendants or the Court to understand what witness and "life event" Richards is referring to.

The Court generally agrees that evidence of unrelated litigation is not relevant. *See Schmidt v. Klinman*, No. 05 C 2134, 2005 WL 6939158, at *9 (N.D. Ill. Dec. 2, 2005) ("Evidence about unrelated lawsuits is inflammatory and likely to prejudice the jury against defendants."). Richards, however, has not provided enough information regarding either the specific witness or the "extremely unfortunate life event" to clearly show that there is no admissible purpose for this evidence. Therefore, the Court **denies** the request.

### B. **Defendants' Motion *in Limine***

Defendants also seek preliminary evidentiary rulings regarding several categories of evidence. Defendants seek to exclude evidence and testimony on the following topics: (1) statements advancing a "Golden Rule," "Send a Message," and "Reptile Theory" arguments; (2) Defendants' financial, economic, or insured status; (3) evidence of settlement negotiations or discussions between the parties; (4) evidence of Richards' alleged actual damages; (5) evidence of medical damages, physical or mental injuries; (6) any reference to attorneys' fees; and (7) any reference to appeals taken in this case and the outcome of those appeals.

Richards accepts Defendants' Motion about requests (3), (6), and (7). (Filing No. 98.) Thus, Defendants' Motion is **granted** as to those requests. The Court addresses the remaining claims below.

#### 1. **Statements Advancing a "Golden Rule," "Send a Message," and "Reptile Theory Arguments.**

Defendants argue that Richards should be prohibited from making three types of arguments. The Court will address each in turn.

##### a. **"Golden Rule" Arguments**

Defendants asks the Court to enter an order excluding the so-called "golden rule" appeal, which asks the jurors to place themselves in a plaintiff's shoes. Richards does not object to this request. Defendants' Motion *in Limine* is **granted** as to this issue.

##### b. **"Send a Message" Arguments**

Defendants next ask the Court to exclude any mention by Richards that the jury should "send a message" to Defendants. Defendants content that this type of argument is irrelevant under Federal Rules of Evidence 401 and 402, as well as being unduly prejudicial under Rule 403. In

7

response, Richards argues that this request is improper because asking the jury to send a message to a particular defendant who caused damage is acceptable.

Courts within the Seventh Circuit have allowed "send a message" arguments when punitive damages are relevant to a party's claim. *See Smith v. Garcia*, No. 15-CV-10105, 2018 WL 461230, at \*6 (N.D. Ill. Jan. 18. 2018) (denying motion *in limine* to preclude plaintiff, who was seeking punitive damages, from arguing that the jury should "send a message" to individual defendants); *Betts v. City of Chicago, Ill.*, 784 F. Supp. 2d 1020, 1033 (N.D. Ill. 2011) (same principle). But Richards is not making a claim for punitive damages. Because a claim for punitive damages is not involved in this case, argument and references for a punitive award are both irrelevant and prejudicial. Defendants' Motion *in Limine* is **granted** as to this issue.

### c. "Reptile Theory" Arguments

Finally, Defendants argue that the "Reptile Theory" litigation strategy, which comes from the book titled *Reptile: The 2009 Manual of the Plaintiff's Revolution* written by David Ball and Don C. Keenan, impermissibly suggests to the jury that they have the power to improve the safety of themselves and their community by rendering a verdict that will reduce "dangerous" conduct. Defendants contend that, like the "Golden Rule" arguments, this strategy "appeals to jurors' subjective judgments about their best interest and the best interest of the community rather than their impartial judgment predicated on the evidence." (Filing No. 96 at 5.)

Richards responds that Defendants have failed to specifically identify any evidence or argument that should be excluded by the Court. Additionally, Richards argues that this request is contrary to law as her claims in this case involve a potential breach of the peace and will require a discussion of community safety standards.

The Court agrees with Richards. Defendants have not provided any specific language, phrases, or evidence that the Court could deem improper. The Court cannot provide a ruling based on abstract and generalized hypotheticals. *See Baxter v. Anderson*, 277 F. Supp. 3d 860, 863 (M.D. La. 2017) (denying a motion *in limine* directed to "amorphous and ill-defined concepts rather than specific evidence" and that "give[s] the court nothing objective to consider in deciding what language to prohibit"); *Dorman v. Anne Arundel Med. Ctr.*, No. CV MJG-15-1102, 2018 WL 2431859, at *6 (D. Md. May 30, 2018) ("[T]his motion is premature and presents a vague challenge to Plaintiffs' style of argument rather than to any evidence that Plaintiffs intend to introduce. At this time, the Court does not find a need to classify any potential future argument as 'reptilian' or inappropriate, especially because counsel's arguments to the jury are permitted a significant degree of latitude.")

Therefore, this request is **denied**. The Court will consider the admissibility of Richards' rhetoric if Defendants object to it at trial.

### 2. Defendants' Financial, Economic, or Insured Status

Next, Defendants ask that Richards be prohibited from presenting any evidence or testimony regarding their relative economic or financial status, including evidence of any insurance coverage. Defendants argue that this type of evidence is prejudicial and may improperly influence the jury to award a substantial verdict.

Richards argues that evidence or testimony of Defendants' financial or economic status may be relevant for determining statutory damages under the FDCPA as the statute includes the phrase "other relevant factors" when listing how the Court determines the amount of liability. Additionally, Richards contends that while it does not generally object to restricting evidence of Defendants' insured status during the evidentiary portion of trial, Richards also does not know

9

what evidence of the Defendants' financial position will be presented that may make it necessary to admit evidence of liability insurance under one of the exceptions listed in Federal Rule of Evidence 411. Finally, Richards argues that inquiry regarding liability insurance is necessary during *voir dire* to discover any potential bias.

At this stage, the Court is not persuaded that evidence or testimony regarding the financial or economic status of the Defendants is relevant or admissible. Likewise, Federal Rule of Evidence 411 states, "Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully." The Court will observe and enforce this rule at trial. Therefore, Defendants' Motion on this issue is **granted.** If Richards believes that questioning regarding Defendants' insured status is necessary during voir dire or an appropriate exception to Rule 411 applies during trial, she may raise those issues then.

    **3.**    **Evidence of Plaintiff's Alleged Actual Damages**

Defendants next argue that Richards should be barred from providing evidence or testimony regarding her alleged actual damages. Defendants argue that Richards failed to disclose any evidence of her damages during discovery, including in her initial disclosures under Federal Rule of Civil Procedure 26(a) and during her deposition. Specifically, in her initial disclosures, Richards merely listed that she was seeking an unspecified amount in actual damages and never amended her disclosure.

Richards responds by stating that she was not required to disclose the amount of her emotional distress damages in her initial disclosures. Richards also argues that the questioning at her deposition regarding her damages involved a legal term of art that she appropriately directed to her attorney. Richards adds that Defendants never questioned her about "mental anguish, feelings of helplessness, or any other form of general emotional distress." (Filing No. 98 at 15.)

Finally, Richards argues that even if she were required to disclose these damages, the nondisclosure was harmless, and Defendants have not been prejudiced in any way.

The Court generally agrees that parties are required to disclose their damages to later offer it into evidence at trial. *See Barlow v. General Motors Corp.*, 595 F. Supp. 2d 929, 938 (S.D. Ind. 2009) (where plaintiff's damages disclosures came too late, plaintiffs precluded from relying upon or offering evidence set forth in those late disclosures); *see also Miller v. Polaris Lab'ys, LLC*, No. 1:11-cv-01004-TWP-DML, 2016 WL 1639087, at *4 (S.D. Ind. Apr. 26, 2016) (prohibiting plaintiff's evidence and argument relating to compensatory and punitive damages calculations where plaintiff failed to meet her obligation under Rule 26 to supplement her damages claim with calculations and documents). And Federal Rule of Civil Procedure 37 prohibits use of undisclosed information, such as damages, "unless the failure was substantially justified or is harmless."

Defendants, however, present no argument that they have been harmed by Richards' nondisclosure. Thus, at this stage of the litigation, Defendants' request is **denied**. If Defendants believe a piece of previously undisclosed evidence or testimony regarding actual damages offered during trial has specifically harmed their case, they may object at that time.

**4.     Evidence of Medical Damages, Physical or Mental Injuries**

Defendants contend that Richards also failed to identify or disclose any expert witnesses, and thus, they argue, any testimony concerning medical damages, physical or mental injuries that would require medical expertise is barred by Federal Rule of Civil Procedure 26(a)(2) and Federal Rules of Evidence 702, 703, and 705. In response, Richards incorporates her previous arguments, stating that she is entitled to provide lay testimony about her feelings and the emotional toll the incident had on her.

The Moton is **granted in part and denied in part**. It is **granted** in that Richards may not offer testimony concerning medical damages, physical or mental injuries that would require medical expertise is barred by Federal Rule of Civil Procedure 26(a)(2) and Federal Rules of Evidence 702, 703, and 705.  The motion is **denied** in that Richards may provide lay testimony about her feelings and the emotional toll the incident had on her.

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Richards' Motion *in Limine* ([Filing No. 92](#))*,* and **GRANTS in part and DENIES in part** Defendants' Motion *in Limine* ([Filing No. 95](#)).  An order *in limine* is not a final, appealable order.  If the parties believe that specific evidence excluded by this Order becomes relevant or otherwise admissible during trial, counsel may approach the bench and request a hearing outside the presence of the jury.  Likewise, if the parties believe that specific evidence is inadmissible during trial, counsel may raise specific objections to that evidence.

**SO ORDERED.**

Date: 10/13/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Duran Keller
KELLER LAW LLP
duran@kellerlawllp.com

Robert E. Duff
INDIANA CONSUMER LAW GROUP
robert@robertdufflaw.com

Gregory M. Bokota
GARAN LUCOW MILLER, P.C.
GBokota@garanlucow.com

Timothy James Brown
GARAN LUCOW MILLER, P.C.
tbrown@garanlucow.com

Jennifer E. Davis
GARAN LUCOW MILLER PC
jdavis@garanlucow.com

Courtney A. Krause
GARAN LUCOW MILLER, P.C.
ckrause@garanlucow.com

13