UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NICHOLE L. RICHARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-00409-TWP-MPB |
| | ) |
| PAR, INC. and LAWRENCE TOWING, LLC, | ) |
| | ) |
| Defendants. | ) |

## ENTRY FOLLOWING FINAL PRETRIAL CONFERENCE

This matter was before the Court for a final pretrial conference on October 13, 2021, held at the Indianapolis Courthouse. Plaintiff Nichole L. Richards, ("Richards"), appeared by counsel Duran Keller and Robert Duff. Defendants PAR, Inc., ("PAR"), and Lawrence Towing, LLC, ("Lawrence Towing") (collectively, "Defendants"), appeared by counsel Timothy Brown and Courtney Krause. David Moxley was the Court Reporter. During this final pretrial conference, the trial of this case was discussed, and the following rulings were made and directions given pursuant to Trial Rule 16.

1. The three-day trial of this matter is scheduled to commence on **Monday, November 1, 2021**. The claim to be tried is Richards' claim for violation of the Fair Debt Collection Practices Act and the Indiana Crime Victims Relief Act against Defendants.

2. The Court reviewed the parties' witness lists to determine who will testify and the subjects of their testimony.

   a. Richards named six witnesses and discussed the expected testimonies of the potential witnesses (Filing No. 89). Richards intends to testify and call Angel Bautista; Kitrina McEvilly; Tracy Dobbs; Richard Martin; and Matthew Ellis. Two of her witnesses—Angel Bautista and Matthew Ellis—are likely unavailable and

       Richards will move for admission of deposition testimony of those two witnesses under Federal Rule of Evidence 804(b)(1).

   b. Defendants named five witnesses and discussed the expected testimonies of the potential witnesses (Filing No. 94).  Except for witnesses Chris Eads and David M. Esakov, Defendants' remaining witness are listed on Richards' list. Like Richards, if Angel Bautista is unavailable, counsel will seek admission of his deposition testimony under Federal Rule of Evidence 804(b)(1).

   c. To avoid calling non-party witnesses twice, the Court will allow the parties to conduct direct and cross examinations the first time a non-party witness is called.

3. The Court reviewed the parties' exhibit lists and made the following rulings:

   a. Richards' Exhibit List (Filing No. 90) designated ten exhibits. Defendants timely filed objections to four of these exhibits. The Court took the objections under advisement and will provide its ruling in its forthcoming order on Defendants' Motion to Exclude Plaintiff's Trial Exhibits.

   b. Defendants' Exhibit List (Filing No. 97) designated eleven exhibits. Richards had not previously filed any objections but raised several objections during the conference.  The Court gave Richards leave to file an additional motion *in limine* regarding her objections.  Richards has until **Friday, October 22, 2021** to file her motion *in limine*.  Defendants' response is due **one week from the date Richards files her motion** or **by Wednesday, October 27, 2021,** whichever is earlier.

   c. The parties are to provide **one (1) hard copy** of their exhibit binders, as well as two electronic copies of their exhibits, to the Courtroom Deputy Clerk by **Friday, October 29, 2021, at 12:00 p.m.**

4. The Court discussed *voir dire* and the jury:

    a.    Counsel may obtain a copy of the responses to juror questionnaires from the Courtroom Deputy Clerk at **12:00 p.m. on Friday, October 29, 2021**. The questionnaires must be returned to the Courtroom Deputy Clerk once a jury is seated and sworn.

    b.    A panel of approximately twenty-three (23) prospective jurors will be called, and a jury of seven (7) and no alternates will be empaneled. The Court will examine the panel with its standard *voir dire* questions and may incorporate questions submitted by the parties, after which counsel will have up to ten (10) minutes per side for any follow-up questions. Challenges for cause will be made via the ListenTalk equipment. After challenges for cause are resolved, the parties will each have three (3) peremptory challenges, which shall be exercised simultaneously and in writing. The paperwork must be submitted even if a party chooses not to exercise any of their peremptory challenges. There will be no backstriking.

5.    The Court discussed opening statements. Each side will have twenty (20) minutes for opening statements. The amount of time allotted for closing arguments will be determined at the close of evidence. The parties shall advise and share with one another any demonstrative exhibits they intend to use during opening statements by no later than **Wednesday, October 27, 2021**. Objections to any demonstratives must be filed by **Friday, October 29, 2021**.

6.    The Court discussed jury instructions and the joint issue instruction:

    a.    The Court will use its own preliminary jury instructions, which will be sent to counsel on **Wednesday, October 27, 2021**. Counsel will have until **12:00 p.m. on Friday, October 29, 2021** to file any objections with the Court.

    b.    The parties each filed a proposed issue instruction ([Filing No. 107 at 2-4](#)). The Court advised that the parties should continue to work together to provide an agreed

upon issue instruction. The parties have until **Wednesday, October 27, 2021** to submit a joint issue instruction or the Court will provide one.

c. The parties filed joint proposed final jury instructions with objections noted throughout at [Filing No. 107](). The Court will settle final jury instructions and verdict forms on the last day of trial after the close of evidence.

d. The parties did not submit a proposed verdict form. The parties are directed to meet and confer to draft and submit a proposed joint verdict form by no later than **Wednesday, October 27, 2021**.

7. Richards orally moved for separation of witnesses, which the Court **granted**. The parties are to instruct their witnesses to report to Room #346. The parties also are to instruct their witnesses to not discuss their testimony either before or after it is given.

8. The parties have not filed any factual stipulations. The Court encouraged the parties to continue working on stipulations and file them as soon as possible.

9. Richards designated the deposition testimony of Angel Bautista ([Filing No. 93]()). Richards maintains that Angel Bautista's current whereabouts are unknown.

10. Because of the coronavirus pandemic and to avoid passing documents, the Court's Video Evidence Presentation System ("VEPS") will be used for presentation of evidence during trial. If needed, the Courtroom Deputy Clerk will provide training on the VEPS system before trial.

11. COVID-19 protocol concerning social distancing, masks, and face shields was discussed. Masks shall be worn by all persons in the courtroom during trial. Potentially, counsel who have been **fully vaccinated** may present opening and closing statements, *voir dire,* and examination of witnesses unmasked at a social distance. Witnesses may wear a face shield while testifying on the stand. If counsel anticipate any additional family members, employees, or other

support individuals attending the trial, they should notify the Courtroom Deputy Clerk as soon as possible to arrange seating availability. COVID-19 protocol may change depending on conditions as of November 1, 2021.

12. The trial will be held in in the Birch Bayh Federal Building and U.S. Courthouse, 46 East Ohio Street, Indianapolis, Indiana, Courtroom #344. On the first morning of trial, the doors to the courtroom will be unlocked at **7:30 a.m.** Counsel and parties must report by no later than **8:00 a.m.** The jury is scheduled to arrive at **8:30 a.m.**, and panel selection will begin promptly at **9:00 a.m.**

13. The parties should review the Court's Courtroom Practices and Procedures prior to trial.

14. No further discussion was held.

**SO ORDERED**.

Date: 10/14/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Duran Keller
KELLER LAW LLP
duran@kellerlawllp.com

Robert E. Duff
INDIANA CONSUMER LAW GROUP
robert@robertdufflaw.com

Gregory M. Bokota
GARAN LUCOW MILLER P.C.
GBokota@garanlucow.com

Timothy James Brown
GARAN LUCOW MILLER, P.C.
tbrown@garanlucow.com

5

Jennifer E. Davis
GARAN LUCOW MILLER PC
jdavis@garanlucow.com

Courtney A. Krause
GARAN LUCOW MILLER, P.C.
ckrause@garanlucow.com