UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NICHOLE L. RICHARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-00409-TWP-MPB |
| | ) |
| PAR, INC. and LAWRENCE TOWING, LLC, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' MOTION
TO EXCLUDE PLAINTIFF'S TRIAL EXHIBITS**

This matter is before the Court on Defendants PAR, Inc.'s and Lawrence Towing, LLC's (collectively, "Defendants") Motion to Exclude Plaintiff's Trial Exhibits (Filing No. 103). This action was initiated by Plaintiff Nichole L. Richards ("Richards"), who alleges Defendants violated the Fair Debt Collection Practices Act and the Indiana Crime Victims Relief Act after repossessing her vehicle for which she defaulted on payment. This matter is set for a jury trial on November 1, 2021. For the following reasons, the Court **grants in part and denies in part** the Motion to Exclude Plaintiff's Trial Exhibits.

**I.     DISCUSSION**

Defendants ask the Court to specifically exclude four exhibits identified by Richards on her trial exhibit list (Filing No. 90). The Court will address each category of exhibits individually.

**A.     Exhibits 104 and 105 – Deposition Excerpts**

The first two exhibits Defendants ask the Court to exclude are exhibits 104 and 105, entitled "Richard Martin Deposition Excerpts" and "Matthew Ellis Deposition Excerpts." (Filing No. 103 at 2.) Defendants argue that these deposition excerpts should be excluded "on the grounds that the

inclusion of these depositions fails to comply with the case management plan requirements . . . and Federal Rule of Civil Procedure 32." *Id.* at 2.

The case management plan in this case ([Filing No. 23](#)), states two weeks before the final pretrial conference, the parties are required to do the following:

> 4.  A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:
>
>> a.  brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this it strongly encouraged.); or
>>
>> b.  if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

([Filing No. 23 at 8](#).)

Additionally, Federal Rule of Civil Procedure 32(a) outlines when a deposition may be used in a court proceeding:

> (1) *In General.* At a hearing or trial, all or part of a deposition may be used against a party on these conditions:
>
>> (A) the party was present or represented at the taking of the deposition or had reasonable notice of it;
>>
>> (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testify; and
>>
>> (C) the use is allowed by Rule 32(a)(2) through (8).

The different categories for using depositions outlined in Federal Rule of Civil Procedure 32(a)(2)-(8) include using depositions for impeachment; using the deposition of a party's officer, director,

managing agent, or designee under Rules 30(b)(6) or 31(a)(4); and using a deposition when a witness is unavailable.

In addition to arguing that Richards failed to comply with the case management plan, Defendants contend she has also failed to present a valid reason, under Federal Rule of Civil Procedure 32, why she should be allowed to use the deposition excerpts of Richard Martin ("Martin") and Matthew Ellis ("Ellis"). ([Filing No. 103 at 2](Filing No. 103 at 2).) Defendants point out that neither Martin nor Ellis are employees of Defendants, nor are they officers, directors, managing agents, or designees under Rules 30(b)(6) or 31(a)(4). Defendants also argue that Richards has not established that Martin or Ellis are unavailable as required by Rule 32(a)(4).

Defendants' objections were discussed during the final pretrial conference held on Wednesday, October 13, 2021. Counsel for Defendants confirmed that Martin will be testifying at trial. Thus, use of his deposition excerpts is unnecessary. Defendants' motion to exclude exhibit 104 is **granted**. As for Ellis, both Richards and Defendants are unsure whether he will be coming to trial. If he is unavailable at trial, Richards' counsel indicated that they would attempt to admit Ellis' deposition as an unavailable witness pursuant to Federal Rule of Civil Procedure 32(a)(4), or Federal Rule of Evidence 804. Defendants' motion to exclude exhibit 105 is **denied,** and Defendants may renew their objection at trial if Richards chooses to use Ellis' deposition.

B.      **Exhibit 109 – Photograph of front door and porch**

Defendants also ask the Court to exclude exhibit 109 entitled "Photograph of front door and porch." ([Filing No. 103 at 3](Filing No. 103 at 3).) Defendants argue that the photograph includes two minor children that are not involved in the present case. *Id.* Defendants contend that "the presence of these children is not relevant to either party's claims or defenses and is therefore more prejudicial

3

than probative". *Id*. Defendants assert that inclusion of the photograph may needlessly confuse the jury as to the issues of the case.

Defendants' objection to the photograph was discussed during the final pretrial conference. At the conference, counsel for Plaintiff responded that they do not believe the picture is prejudicial and that, to the extent Defendants allege the children play no role in the case, Richards disagrees. Richards will likely be providing testimony regarding having children. The Court was provided a copy of exhibit 109 and agreed to take the objection under advisement.

After reviewing the photograph and considering the argument of the parties, the Court finds that it cannot adequately rule on the admissibility of the photograph outside the context of trial. Defendants' pretrial motion to exclude exhibit 109 is **denied**, but Defendants may raise their objection to the photograph if it is offered at trial.

**C.** **Demonstrative Exhibits**

Finally, Defendants seek to exclude a general category of exhibits identified on Richards' exhibit list as "demonstrative exhibits." ([Filing No. 103 at 3](#).) Defendants object to this category of documents "on the grounds that reference to these exhibits is vague, non-specific and suggests the use of exhibits not previously disclosed on Plaintiff's preliminary exhibit list." *Id.*

The Court allows greater disclosure flexibility to parties seeking to use demonstrative exhibits at trial. Demonstrative exhibits are commonly used during both opening statements and closing arguments, and often prepared during the weeks leading up to trial. As the Court advised during the final pretrial conference, each party will have until Wednesday, October 27, 2021 to share any demonstrative exhibits they intend to use at trial. This will allow each party to object before the trial begins on November 1, 2021. Thus, Defendants' motion to exclude Richards' demonstrative exhibits is **denied**. If Defendants have later objections to specific demonstrative

exhibits disclosed by Richards, or Richards attempts to use an undisclosed demonstrative exhibit at trial, they may seek exclusion at that time.

## II.     CONCLUSION

For the following reasons, the Court **GRANTS in part and DENIES in part** Defendants PAR, Inc.'s and Lawrence Towing, LLC's Motion to Exclude Plaintiff's Trial Exhibits ([Filing No. 103](#)).

**SO ORDERED**.

Date:  10/14/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Duran Keller
KELLER LAW LLP
duran@kellerlawllp.com

Robert E. Duff
INDIANA CONSUMER LAW GROUP
robert@robertdufflaw.com

Gregory M. Bokota
GARAN LUCOW MILLER P.C.
gbokota@garanlucow.com

Timothy James Brown
GARAN LUCOW MILLER, P.C.
tbrown@garanlucow.com

Jennifer E. Davis
GARAN LUCOW MILLER PC
jdavis@garanlucow.com

Courtney A. Krause
GARAN LUCOW MILLER, P.C.
ckrause@garanlucow.com