UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NICHOLE L. RICHARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-cv-00409-TWP-MPB |
| ) | |
| PAR, INC. and LAWRENCE TOWING, LLC, ) | |
| ) | |
| Defendants. ) | |

### ORDER ON PLAINTIFF'S SUPPLEMENTAL MOTION *IN LIMINE*

This matter is before the Court on a Supplemental Motion *in Limine* filed by Plaintiff Nichole L. Richards ("Richards") near the eve of trial ([Filing No. 112](Filing No. 112)). Richards initiated this lawsuit in 2017 alleging violations of the Fair Debt Collection Practices Act and the Indiana Crime Victims Relief Act after Defendants PAR, Inc. and Lawrence Towing, LLC (collectively, "Defendants") repossessed her vehicle for which she defaulted on payment. This matter is scheduled for a jury trial on November 1, 2021. For the following reasons, Richards' Motion *in Limine* is **denied.**

### I.     LEGAL STANDARD

District courts maintain "broad discretion in ruling on evidentiary questions during trial or before on motions in limine." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). "Motions *in limine* are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002).

The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be

deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means the court is unable to determine, before trial, whether the evidence should be excluded. *Id.* at 1401. During trial, however, the presiding judge "is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

## II.   DISCUSSION

Richards seeks to exclude two of Defendants' designated exhibits. The first, Exhibit 112, is a purported credit application created by the dealer, Tru Worth Auto. The second, Exhibit 115, is the "Loan Transaction History" from Huntington National Bank for the loan obtained to purchase the vehicle at dispute in this case. The Court will address each exhibit individually, as well as an additional request made by Richards to exclude any evidence or argument related to fraud, illegality, failure of consideration or other contractual affirmative defenses.

### A.   Exhibit 112

Richards first asserts that Exhibit 112 should be excluded as it was not disclosed by Defendants until September 23, 2021, when they filed their Trial Exhibit List (Filing No. 97). She argues that she would be severely prejudiced if Defendants were permitted to use Exhibit 112 as she has had no opportunity to prepare for this document. (Filing No. 112 at 2-3.) She also argues that Exhibit 112 is not relevant to this case. *Id.* at 3. She further expressed her belief that Defendants intend to use Exhibit 112 to make an argument of fraud, which has never been raised or pleaded as a defense in this case. *Id.*

In response, Defendants argue that Richards has failed to show that Exhibit 112 is inadmissible for any purpose. (Filing No. 115 at 6.) Defendants contend that, based on Richards'

claims, the parties' respective rights to possession of the vehicle are directly relevant, including Richards' replevin claim. *Id.* Defendants argue that Richards' loan application is relevant to her entitlement of damages as Seventh Circuit precedent requires "competent proof" of a "concrete injury in fact." *Id.*; *see also Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060 (7th Cir. 2020); *Gunn v. Thrasher, et al.*, 982 F.3d 1069 (7th Cir. 2020); *Brunett v, Convergent Outsourcing, Inc.*, 982 F.3d 1067 (7th Cir. 2020); *Spuhler v. State Collection Service, Inc.*, 983 F.3d 282 (7th Cir. 2020); *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274 (7th Cir. 2020).  If Richards cannot show she is entitled to possession of the vehicle in the first place, "she is unable to show any concrete, particularized injury related to an alleged breach of the peace repossession for purposes of maintaining Article III standing in this action." *Id.* at 6-7.

At this stage, the Court is not persuaded that evidence or testimony related to Exhibit 112 is inadmissible for any purpose.  Thus, this evidentiary ruling must wait until trial when questions of foundation, relevancy, and prejudice may be resolved in context.  The motion to exclude Exhibit 112 is **denied**.

**B.      Exhibit 115**

Richards' sole argument for excluding Exhibit 115 is that it was not disclosed until Defendants filed their Trial Exhibit List.  (Filing No. 112 at 1.)  Defendants responded by producing an email confirming that Exhibit 115 was produced to Richards on May 4, 2018.  (Filing No. 115 at 4; Filing No. 115-1.)  As Richards was previously in possession of Exhibit 115, her motion to exclude Exhibit 115 is **denied.**

**C.      Arguments of Fraud, Illegality, Failure of Consideration or Other Contractual Affirmative Defenses**

Although not included in the introduction of her Motion, Richards requests an additional motion *in limine* "as to evidence or argument of any fraud, illegality, failure of consideration or

3

other contractual affirmative defense." (Filing No. 112 at 3.) She contends that any argument alleging fraud based on Exhibit 112 is foreclosed by (1) Huntington National Bank's previous judicial admission that Exhibit 112 was a valid, binding contract; (2) Defendants' previous arguments that there was valid security interest; (3) *res judicata*; and (4) claim preclusion. *Id.* at 3-5.

In response, Defendants confirm that they do not intend on asserting fraud, illegality, or failure of consideration as a counterclaim or affirmative defense. (Filing No. 115 at 2, 3.) Defendants also do not dispute the validity of the security interest. *Id.* at 3. Defendants contend, however, that Richards' loan application may be potentially admissible for the purpose of establishing Richards' possession of the vehicle at issue and on the issue of damages. *Id.*

The Court believes any prohibition on this type of evidence or argument at this stage would be premature as it cannot conclude that it is not admissible for any purpose—that being the limited purpose proffered by the Defendants. Thus, this motion is **denied**. If Richards believes a particular line of questioning or argument during trial is improper, she may object at that time.

### III.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Richards' Supplemental Motion *in Limine* (Filing No. 112). An order *in limine* is not a final, appealable order. If the parties believe that specific evidence excluded by this Order becomes relevant or otherwise admissible during trial, counsel may request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during trial, counsel may raise specific objections to that evidence.

**SO ORDERED.**

Dated: 10/29/2021

DISTRIBUTION:

Duran Keller
KELLER LAW LLP
duran@kellerlawllp.com

Robert E. Duff
INDIANA CONSUMER LAW GROUP
robert@robertdufflaw.com

Gregory M. Bokota
GARAN LUCOW MILLER, P.C.
GBokota@garanlucow.com

Timothy James Brown
GARAN LUCOW MILLER, P.C.
tbrown@garanlucow.com

Jennifer E. Davis
GARAN LUCOW MILLER PC
jdavis@garanlucow.com

Courtney A. Krause
GARAN LUCOW MILLER, P.C.
ckrause@garanlucow.com