UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NICHOLE L. RICHARDS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PAR, INC., and LAWRENCE TOWING, LLC,<br><br>　　　　　Defendants. | CASE NO.: 1:17-cv-409-TWP-MPB |

**DEFENDANTS' BRIEF IN SUPPORT OF RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Defendants PAR, Inc. ("PAR") and Lawrence Towing, LLC ("Lawrence"), through counsel, submit the following brief in support of their response in opposition to Plaintiff's Motion to Compel (ECF Nos. 155-156).

**Factual Background**

On November 2, 2021, following a two day jury trial in this matter, the Court advised the parties that the Plaintiff's request for an award of attorney fees would be determined after the parties submitted briefing and affidavits. (Trial Transcript, Volume 2, page 395). Defendants' counsel then submitted a verbal motion to the Court for discovery limited to the attorneys' fees requested by Plaintiff. (Trial

Transcript, Volume 2, page 395). The Court granted the Defendants' request to conduct discovery on the issue of Plaintiff's attorneys' fees and set a January 10, 2022 deadline for Plaintiff to file her motion. (Trial Transcript, Volume 2, page 396). Conversely, Plaintiffs' counsel did not obtain leave of the Court to serve discovery on Defendants. Nor did counsel give the Defendants or the Court any indication that Plaintiff intended to request discovery from Defendants, or the legal basis for this request.

On November 24, 2021, Defendants' counsel served interrogatories and requests for production on Plaintiff inquiring into the number of hours worked by each attorney/paralegal; the amounts charged per hour; billing entries broken down by date for all fees being requested; a complete printout of billing entries; and an affidavit from each attorney working on behalf of Plaintiff regarding the amount of fees claimed. Plaintiff's counsel later declined to formally respond to these requests, instead advising Defendants' counsel that any information responsive to the requests would be included in Plaintiff's Motion for Attorney Fees filed January 10, 2022.

In turn, on December 21, 2021, Plaintiff served four sets of discovery requests on Defendants pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure that mirrored the requests that Defendants served upon Plaintiff. Defendants' counsel advised Plaintiffs' counsel that the discovery requests were improper as Plaintiff did not obtain leave of the Court to conduct discovery, and Plaintiff's

2

discovery requests were otherwise irrelevant to Plaintiff's initial burden to establish a reasonable hourly rate multiplied by the number of hours counsel reasonably expended to support an award of fees in this matter. The documentation that Plaintiff chooses to submit to the Court to satisfy this burden should reflect a good faith, accurate representation of counsel's billing rate and actual number of hours expended. While the Court has discretion to consider the rate and number of hours billed by Defendants' counsel, Plaintiffs' counsel is otherwise required to present a reasonable, accurate representation of their actual hours to the Court based on their contemporaneous billing records without having to rely upon billing records from the defense. *See, Schlacher v. Law Offices of Phillip J. Rotche & Assocs.,* 574 F.3d 852, 856-857 (7th Cir. 2009).

Lastly, if Plaintiff felt the need for discovery on the issue of Defendants' attorneys' fees, Plaintiff should have preserved the right to conduct such discovery by requesting leave of the Court as required by Federal Rule of Civil Procedure 26(d). Even if the Court had granted leave for Plaintiff to conduct this discovery, waiting until December 21, 2021 to serve discovery requests on Defendants renders the requests moot when Plaintiff filed her motion for attorney fees and costs on January 10, 2022, well before any deadline for Defendants' responses (ECF No. 140).

## Law and Analysis

"Courts are instructed to consider the prevailing market rates in the relevant community when called upon to determine a reasonable hourly rate for attorney fees. *Blum v. Stenson,* 465 U.S. 886, 895 (1984). The fee applicant bears the burden of "produc[ing] satisfactory evidence- in addition to the attorney's own affidavits- that the requested rates are in line with those prevailing in the community." *Id.* at 895 n. 11. If the fee applicant satisfies this burden, the burden shifts to the other party to offer evidence that sets forth "a good reason why a lower rate is essential." *People Who Care v. Rockford Bd. of Educ.,* 90 F.3d 1307, 1313 (7th Cir. 1996) (internal citations omitted). The calculation of attorney's fees is premised on the lodestar method. *Gastineau v. Wright,* 592 F.3d 747 (2010). If necessary, "the district court has the flexibility to 'adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation.'" *Id.* at 748.

There is no dispute in this matter that Plaintiff did not obtain leave of the Court to conduct post-judgment discovery as required by Federal Rule of Civil Procedure 26(d), and otherwise did not give Defendants any indication that Plaintiff would be seeking this discovery until service of the Plaintiff's requests on December 21, 2021. Even if Plaintiff had obtained leave of the Court, it would be impossible for Plaintiff to consider Defendants' responses when evaluating the reasonableness of her own

4

fee request when Plaintiff filed her motion for attorney fees well before the presumed deadline for Defendants' responses. Plaintiff had the initial burden of proof to establish that the requested hourly rate was reasonable and the requested number of hours were actually expended. Attorney fees incurred by the Defendants do not change the Plaintiff's independent obligation to establish that the hourly rate and number of hours expended was reasonable "in relation to the difficulty, stakes, and outcome of the case." *Connolly v. Nat'l Sch. Bus. Serv., Inc.,* 177 F.3d 593, 597 (7th Cir. 1999) (*quoting Bankston v. Illinois,* 60 F.3d 1249, 1256 (7th Cir. 1995)).

To the extent Plaintiff is seeking the hourly rate billed by defense counsel and total attorney fees billed through the trial in this matter, Defendants' counsel has already provided this information in affidavits attached to Defendants' response to Plaintiff's motion for attorney fees, rendering this portion of Plaintiff's request moot. (ECF No. 160). These affidavits establish that Defendants' counsel billed over $200,000.00 less in attorney fees than the amount claimed by Plaintiff in her motion, eliminating any argument by Plaintiff that discovery is necessary to establish that the Defendants spent similar time on the case as a whole in an effort to establish the relevance of her discovery requests. (ECF No. 156 at PageID 1476).

WHEREFORE, for the above reasons, and the corresponding legal analysis set forth in the accompanying brief in support of Defendants' response, Defendants respectfully request that this Honorable Court deny Plaintiff's Motion to Compel, in

5

addition to any corresponding request for attorney fees and costs incurred in bringing the instant motion.

                                        Respectfully submitted,

                                        <u>s/ Courtney A. Krause</u>
                                        Courtney A. Krause # 34276-45
                                        1155 Brewery Park Blvd. Ste 200
                                        Detroit   MI   48207
                                        Telephone: (313) 446-5522
                                        Facsimile: (313) 259-0450
                                        Email: ckrause@garanlucow.com

                                        *Attorney for Defendants PAR, Inc. and Lawrence Towing, LLC*

Dated: February 22, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2022, a copy of the foregoing was filed electronically with the Court's electronic filing system which will send notice of such filing to all counsel of record.

                                                      s/ Courtney A. Krause
                                                     Courtney A. Krause # 34276-45
                                                     Garan Lucow Miller, P.C.

                                                     *Attorney for Defendants PAR, Inc. and*
                                                     *Lawrence Towing, LLC*

Dated: February 22, 202